WYLIE vs. WELCH and another.

*January 17 — February 8, 1881.*

REDEMPTION FROM MORTGAGE: *Rights of mortgagor and subsequent lienor.*

1. Under secs. 3165 and 3167, R. S., the mortgagor has the paramount and absolute right to redeem mortgaged premises from the mortgage at any time before the sale thereof; and thereupon a deposit previously made by the holder of a subsequent lien, for the purpose of redemption from such mortgage, becomes of no effect.
2. The words "the preceding section," found at the end of sec. 3167, should read "the preceding sections," and refer especially to sec. 3165.

APPEAL from the Circuit Court for *Portage* County.

*Wylie* appealed from an order denying his motion to set aside a satisfaction of a judgment of foreclosure rendered in favor of *Welch* against *Karner* and one Stevens. Stevens was made a defendant to the foreclosure as having or claiming an interest subsequent to *Welch's* mortgage. *Wylie* claimed the right to redeem as assignee of a subsequent mortgage to Stevens. The case is further stated in the opinion.

The cause was submitted on the brief of *G. W. Cate* for the appellant, and that of *Raymond & Haseltine* for the respondent.

ORTON, J. This was a motion, by the owner of a subsequent mortgage, to set aside and cancel the satisfaction of a prior mortgage and the judgment for the foreclosure thereof. The owner of the subsequent mortgage first deposited with the clerk of the circuit court the full amount of the judgment of foreclosure, interest and costs, for the purpose of redeeming the premises from said first mortgage, and acquiring thereby the rights of the first mortgagee. Afterwards the mortgagor and judgment defendant paid up the said judgment, interest and costs, and obtained a full satisfaction of said mortgage and judgment.

In our opinion, the statute itself gives to the mortgagor the

paramount and absolute right to redeem the mortgaged premises from the first mortgage at any time before the sale thereof. R. S., sec. 3165. Section 3167, which provides for the redemption of the first mortgage at any time before sale, by any person having a subsequent lien upon the premises, saves such right of the mortgagor to redeem, and makes the right to redeem by any other person having a subsequent lien conditional, by the following language of the last clause of the section: "Unless the same shall have been paid by the mortgagor or person personally liable for the mortgage debt, as provided in the preceding section." This reference to the "preceding section" is obviously a verbal error or misprint, and it should have been "preceding sections," in the plural, or it should have referred in terms to section 3165, as that section contains the matter referred to, and not the preceding section.

This construction is consistent with the unquestionable right of a mortgagor to pay his debt secured by the mortgage and stop the interest, and relieve himself forever from the debt, and his estate from the incumbrance, at any time before sale of the mortgaged premises, without let or hindrance. On such payment and redemption by the mortgagor of the first mortgage, the deposit with the clerk by the appellant as the holder of the subsequent mortgage became of no effect, and he is entitled to withdraw it.

This decision of the question renders it unnecessary to decide whether the mortgage of the appellant was a real-estate or a chattel mortgage.

*By the Court.* — The order of the circuit court is affirmed.