Kane vs. Williams and another.

KANE, Executrix, Respondent, vs. WILLIAMS and another, imp., Appellants.

*March 3 — March 22, 1898.*

*Appeal: Mortgage foreclosure: Judgment for deficiency: Guaranty.*

1. A defendant in a foreclosure action who neither preserves any exceptions nor perfects any bill of exceptions, but bases his appeal entirely on the record, cannot, on such appeal, take any advan-

tage of the failure of the complaint to state facts entitling the plaintiff to a reformation of a discharge of the mortgage. Where, in such a case, the judgment is sustained by the findings, it will be conclusively presumed that such findings were based on sufficient and competent evidence, and that, if necessary, the pleadings were properly amended.

2. One who, on transferring notes and a mortgage, guarantees the payment of the notes, cannot claim to be released from liability by a release of the mortgage, which was given by mistake but has been reformed so that the mortgage is a valid lien on the property as against the owner.

3. That part of a judgment for the foreclosure of a mortgage which orders a judgment for a deficiency is an integral part of the judgment and is appealable.

APPEALS from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action to foreclose a mortgage. The mortgage was executed May 1, 1890, by the defendant *Stone* and wife to the defendant *Williams* to secure two notes executed by *Stone* for $2,500 each, payable one and two years from date, respectively, and covered twenty-four lots in certain subdivisions near the city of Milwaukee. The mortgage contained a provision for the release of the mortgaged lots from the lien of the mortgage upon the payment of $250 for each lot in certain blocks, and $200 for each lot in other blocks. June 7, 1890, *Williams* sold and assigned the mortgage to Jacob Nunnemacher, and on August 21, 1890, Nunnemacher sold and assigned the mortgage to one Alonzo L. Kane, both of which assignments were duly recorded. At the time of the last-named assignment the defendant *Williams*, for value received, made a written guaranty of the payment of the notes to Kane or his assigns at maturity, or at any time thereafter, and waived demand and protest and notice of demand or protest. May 20, 1892, Alonzo L. Kane sold and assigned the notes and mortgage to William H. Kane, the plaintiff's testator. A number of payments were made at various times as lots were sold by *Stone*, but, the

mortgage not being fully paid, William H. Kane commenced this action for foreclosure in December, 1894, against *Stone* and wife as makers and *Williams* as guarantor, and also against subsequent incumbrancers and purchasers.

The complaint alleged the execution and delivery of the notes and mortgage and the several assignments by which the plaintiff acquired title, and the guaranty by *Williams.* It also set forth the numerous payments made from time to time as lots were sold, and alleged that partial releases had been made upon such payments, and demanded the usual judgment of foreclosure and personal judgment against *Stone* and *Williams.* *Stone* answered, admitting the execution of the notes and mortgage, and the assignments, and his default in payment, but alleged that on January 24, 1891, Alonzo L. Kane executed and recorded a full release of the mortgage, and he claimed that the mortgage was no longer a lien upon the real estate. *Williams* answered separately, admitting the execution of the notes and mortgage and his guaranty; and also alleged the full release of the mortgage, and further claimed that the release was made without his knowledge, and that thereby the mortgage security was destroyed, and his guaranty released. There was also an answer by two defendants named Zimmerman, who purchased one of the lots after the recording of the alleged full release, and they alleged that they purchased the lot of *Stone* in good faith, relying upon the record of such release, and claimed that their lot should be declared free from the lien of the mortgage.

Upon the trial, *Stone* and *Williams* appeared by the same attorneys, Messrs. Kinne & Curtis, and the Zimmermans by Messrs. Howard & Mallory. The plaintiff made the usual proof of his mortgage by offering the instruments in evidence, and showed the amount left due thereon, and rested. Objections were made by the defendants to all of the papers introduced, upon the sole ground that the mortgage had

been satisfied and discharged of record.   The defendants then proved by the register of deeds the recording on January 26, 1891, of the following instrument, which was duly witnessed and acknowledged:

"Alonzo L. Kane to *Festus T. Stone* and W.   Satisfaction of Mortgage.

" Know all men by these presents that I, Alonzo L. Kane, of the city and county of Milwaukee, state of Wisconsin, do hereby certify and acknowledge that a certain mortgage, bearing date on the first day of May, A. D. 1890, made and executed by *Festus T. Stone* and Nellie A. Stone, his wife, to *Thaddeus W. Williams*, for $5,000, on lots ten (10) and eleven (11), block four (4), in Stone and Thomas' plat of Idlewild No. (2) two, section thirty-three (33), town eight (8), range twenty-two (22) east, Milwaukee county, state of Wisconsin, said mortgage having been assigned to Jacob Nunnemacher, and from him to Alonzo L. Kane, and recorded in the office of the register of deeds in and for Milwaukee county, in the state of Wisconsin, on the eighth day of May, A. D. 1890, at 12 o'clock p. m., in Volume 233 of Mortgages, on page 498, is fully paid, satisfied, and discharged.   And the register of said county is hereby authorized to enter this satisfaction of record.

" In witness whereof, I have hereunto set my hand and seal this 23d day of January, 1891.

"ALONZO L. KANE.   [Seal.]"

In connection with this release, it appeared in evidence that one Remington bought of *Stone* two of the mortgaged lots on the 24th of January, 1891, and that $500 of the price was paid, with *Stone's* knowledge, to Alonzo L. Kane, who then owned the mortgage, and that Kane then executed the instrument in question, and that it was recorded.   It further appeared that Alonzo L. Kane was at the time of the trial incapacitated from testifying by reason of a stroke of paralysis, but it appeared very clearly, not only from the circum-

stances, but from the evidence of *Stone* himself, that both
Kane and *Stone* supposed the instrument to be only a release
of the lien of the mortgage upon the lots sold to Remington,
and that by mistake the words acknowledging full payment
and satisfaction of the mortgage were left in the instrument.
After learning of this release, *Williams* refused to take the
notes and mortgage from Kane's hands when they became
due, claiming that the security was destroyed by the release,
and that his liability as guarantor was thereby discharged.
After the execution of this release, both *Stone* and *Williams*
treated it as though it were only a partial release; *Stone*
selling lots, and causing part of the money to be paid to
Kane, and obtaining further releases of the lots so sold, and
*Williams* purchasing one of the lots, and obtaining a release
therefor from Kane, after knowing the contents of the
alleged release in full. On behalf of the Zimmermans it
appeared that they purchased a lot after the recording of
the release, and in good faith relied upon the same as a com-
plete release, and paid the purchase price, to wit, $525, to
*Stone*, who paid no part of it to Kane. It further appeared
that sixteen lots were left which had not been specifically
released, and by *Williams'* own evidence it appeared that
these sixteen lots are worth $500 each, or $8,000 in all.

The court made the usual foreclosure findings, and also
found that the release of January 23, 1891, was only intended
as a partial release of the lots sold to Remington, and that
by mistake or inadvertence of the person who wrote the
same the words indicating full payment and satisfaction
were not erased from the printed blank, and that *Stone* and
his wife knew that it was only so intended; that *Williams*
knew that the mortgage had not been fully paid, and that
both *Stone* and *Williams* thereafter dealt with Kane and ob-
tained releases of specific lots, recognizing the continued
existence of the lien of the mortgage; that the lots not
specifically released were worth $8,000, and that *Williams*

had not been damaged by the making of the release; that the release should be reformed so as to show the true intent of the parties that it was only a release of the lots sold to Remington, and that the record thereof should also be reformed; that both *Stone* and *Williams* were liable for any deficiency arising on the sale, except that *Williams* should only be liable for such deficiency after deducting the $525 paid by Zimmerman to *Stone*.

Judgment was rendered in accordance with these findings. *Williams* filed exceptions to all the findings except the formal finding, and perfected his bill of exceptions, but *Stone* made no exceptions to the findings and perfected no bill of exceptions. The plaintiff, William H. Kane, died after judgment, and the action was revived in the name of *Christine E. Kane* as executrix. *Stone* and *Williams* appeal separately from the judgment.

For the appellants there was a brief by *H. K. Curtis*, attorney, and *N. S. Murphey*, of counsel, and oral argument by *Mr. Murphey*. They argued that the defendant *Williams*, as guarantor, was discharged by the release of the principal debtor. 2 Parsons, Notes & Bills, 134; *Cowper v. Smith*, 4 Mees. & W. 519; *Schroeppell v. Shaw*, 3 N. Y. 446; *Trotter v. Strong*, 63 Ill. 272; .9 Am. & Eng. Ency. of Law, 84. He is also discharged by a surrender or a negligent loss of the benefit of collateral security. 2 Parsons, Notes & Bills, 135; *Mayhew v. Crickett*, 2 Swanston, 185–191; *Bonta v. Curry*, 3 Bush (Ky.), 678; *Shippen's Adm'r v. Clapp*, 36 Pa. St. 89; *Sellers v. Jones*, 22 id. 423; *Kemmerer v. Wilson*, 31 id. 110; *Jennison v. Parker*, 7 Mich. 355; *Lamberton v. Windom*, 18 Minn. 506; *Sherraden v. Parker*, 24 Iowa, 28; *Lee v. Baldwin*, 10 Ga. 208; *Beach v. Bates*, 12 Vt. 68; *Burr v. Boyer*, 2 Neb. 265; *Capel v. Butler*, 2 Sim. & S. 457. By a release of the mortgage his right of subrogation to the security was totally destroyed. *Gardner v. Van Norstrand*, 13 Wis. 543; *Fond du Lac H. Co. v. Bowles*, 54 id. 430. As the com-

plaint contains no allegation that the satisfaction of mortgage was intended to be partial but was made full through accident, fraud, or mistake, and no relief was asked as to it, the court could not receive proof on those points. *Townsend Mfg. Co. v. Foster*, 51 Barb. 346, 352; 1 Greenl. Ev. §§ 51–52, 448–450; 1 Phillips, Ev. (3d ed.), 460.

*O. T. Williams*, for the respondent.

WINSLOW, J. The appeal of *Stone*, the mortgagor, possesses no merit. It is apparently based on the ground that no reformation of the alleged full discharge of the mortgage could be adjudged because no fraud or mistake in the execution of the paper was shown, and because the complaint contained no appropriate allegations upon which reformation could be granted. It is entirely certain that a serious mistake was inadvertently made by the scrivener, by which Kane executed what purports to be a full release of the mortgage when he only intended to release two lots. *Stone* knew the mortgage was not in fact paid, and knew that Kane's purpose was only to release the two lots sold to Remington. These facts so clearly appear from the evidence that they cannot be for a moment doubted. Such a case calls for reformation of the document in no uncertain tones. *Lardner v. Williams*, 98 Wis. 514. *Stone* preserved no exceptions to the findings, and perfected no bill of exceptions, and he states in his case that his appeal is based simply upon the record. In this position it is manifest that he cannot take advantage of defective pleading, if such there was. The judgment is sustained by the findings. There are no exceptions to the findings; so it must be conclusively presumed that they were based upon sufficient and competent evidence, and that the pleadings were properly amended, if that was necessary.

Nor is *Williams'* appeal much more meritorious. The release being reformed as to *Stone*, the mortgage has again

become a valid and effective lien as between the owner of the land and the holder of the mortgage. If it is a valid lien as between these parties, certainly no one else can claim that it is not such a lien, save innocent third persons who have dealt with the property in reliance upon the apparent discharge. *Williams* is not such a party, nor were there any such parties in the case save the Zimmermans, whose rights were protected by the judgment. *Williams'* contract was an absolute promise, for value, to pay the debt. It was not a promise upon condition, but as absolute in respect to payment as the promise of *Stone*. Upon such a guaranty the creditor owes to the guarantor "no duty except to act in the utmost good faith, and not be guilty of laches to his prejudice." *Hubbard v. Haley*, 96 Wis. 578. *Williams* has not been prejudiced in the least by the mistaken release. The mortgage is still a valid lien upon property worth, by his own admission, more than twice the amount of the judgment. The amount paid by the Zimmermans to *Stone* in reliance upon the discharge is deducted from his liability by the judgment, so that he is not prejudiced by that transaction.

The point was made by the respondent that the part of the judgment ordering a personal judgment for deficiency is a mere order, and is not appealable, but that the defendant should wait, and appeal directly from the judgment for deficiency when rendered. We do not regard the point well taken. As said in *Gaynor v. Blewett*, 86 Wis. 399: "The order is a necessary part of the judgment of foreclosure, and is a final adjudication of the defendant's liability for the debt." It is an integral part of the judgment, and fixes the rights of the parties, and hence may be appealed from.

*By the Court.*— Judgment affirmed on both appeals.