RICHARDS, Respondent, vs. LAND & RIVER IMPROVEMENT COM-
PANY, imp., Appellant.

*May 5 — May 24, 1898.*

*Appeal, what reviewed: Foreclosure and judgment for deficiency.*

1. A defendant, who was personally served with the summons and
complaint in an action to foreclose a mortgage, but did not ap-
pear therein nor raise the objection that the complaint did not
state facts sufficient to constitute a cause of action against him
for personal liability for any deficiency, cannot raise that objec-
tion on appeal from a judgment for deficiency rendered against
him by default, and from an order denying a motion to set aside
such judgment, especially where the complaint is sufficient to in-
form such defendant that the plaintiff claims that he is liable
and that judgment for deficiency will be taken against him.
2. Neither can that objection be raised on appeal from a judgment for
deficiency and an order denying his motion, made at a subsequent
term, to set the same aside, by a defendant who was, by the orig-
inal judgment of foreclosure, declared to be personally liable for
any deficiency, where such original judgment has not been ap-
pealed from, he being bound thereby.

APPEAL from a judgment and order of the circuit court for
Douglas county: A. J. VINJE, Circuit Judge. . *Affirmed.*

The facts of the case are stated in the opinion.

For the appellant there was a brief by *Lyman T. Powell,*
attorney, and *Spooner, Sanborn & Spooner,* of counsel, and
oral argument by *A. L. Sanborn.*

For the respondent the cause was submitted on the brief
of *Dickenson, Kennedy & Graham.*

CASSODAY, C. J.   It appears from the record that January
6, 1893, the defendant Abraham Levine, for value received,
made his promissory note, payable to the order of the de-
fendant *Land & River Improvement Company* January 6,
1896, for $1,500, with interest thereon at eight per cent. per
annum, payable semi-annually, as a part of the purchase price

of the land therein described; that at the same time, and to
secure the payment of such note, Abraham Levine executed
and delivered to the company his mortgage on the same·
land; that said mortgage was duly witnessed and acknowl-
edged, and was recorded January 14, 1893; that before the
note became due, and February 13, 1893, the defendant *Land*
*& River Improvement Company* did, by its indorsement in
writing on the back of said note, for value received, assign,
transfer, and deliver its interest in said note, and all rights·
under the mortgage, to the plaintiff, with its indorsements
thereon, together with a written assignment of the mort-
gage, duly executed, witnessed, and acknowledged, and the
same was recorded June 29, 1893; that the defendant Abra-
ham Levine failed to comply with the terms of the note and
the conditions of the mortgage, by failing to pay the princi-
pal sum mentioned, which became due and payable January
6, 1896, and certain portions of the interest, and otherwise,
and of· which failure to pay the *Land & River Improve-
ment Company* had due notice.

On February 24, 1896, the plaintiff commenced this action
to foreclose such note and mortgage. The complaint therein
alleged the facts stated, and other facts more in detail, and
that the plaintiff was the lawful owner and holder of the
note and mortgage, and the amount due thereon, and prayed
the usual judgment of foreclosure and sale, and that the
sheriff be required to make report of sale according to law;
and prayed that the judgment should order that if the
moneys arising from such sale should not be sufficient to
satisfy the judgment, costs and disbursements, and expenses
aforesaid, judgment be rendered, upon the filing and con-
firmation of the report of sale, specifying the amount of
such deficiency, against the defendants, Abraham Levine
and *Land & River Improvement Company*, who were per-
sonally liable for the debt secured by the mortgage for the
amount of such deficiency, with interest thereon from the

date of the last-mentioned report; and that the plaintiff have execution therefor, and such other or further judgment, order, or relief as is provided by law in such cases, and as may be just and equitable. Such complaint and the summons in the action were personally served on the defendant the *Land & River Improvement Company* February 24, 1896. The company did not appear in the action, but made default.

Judgment of foreclosure and sale was entered in the action June 1, 1896, reciting, among other things, that a referee had been appointed therein to compute and ascertain the amount due to the plaintiff upon the note and mortgage, also which of the defendants were personally liable for the amounts secured thereby; that the referee had reported, among other things, that there was due to the plaintiff on the note and mortgage $1,630.80, and $75 solicitor's fees, and that the defendant *Land & River Improvement Company* was personally liable, as indorser, for said sum of money secured by the note and mortgage. The court adjudged that all the allegations of the complaint were true, and that the report of the referee be confirmed, and found that there was due to the plaintiff the amounts stated. It was further adjudged that the defendant Abraham Levine and the defendant *Land & River Improvement Company* were, and each of them was, personally liable for the indebtedness aforesaid; that, if the proceeds of such sale be insufficient to pay the amount aforesaid, the sheriff should specify the amount of such deficiency in his report of sale; and judgment for such deficiency was thereby ordered to be separately rendered against the defendants, Abraham Levine and *Land & River Improvement Company*, who were personally liable therefor, as therein adjudged, on or before the coming in and confirmation of the report of sale, to be docketed and enforced as in other cases. The sheriff made such sale, and filed his report thereof July 20, 1897. On July 27, 1897, it

was ordered by.the court that said sale be, and the same was thereby, in all things confirmed. And it further appearing to the court, by the sheriff's report, that after applying the proceeds of the sale to the amount adjudged to be due for principal, interest, and costs, and payment of the sums in and by the judgment and decree ordered and directed to be paid, there remained a deficiency in the amount necessary to pay the sum adjudged to be paid by the judgment and decree, to the amount of $772.77, and it being adjudged by the court, in the judgment and decree entered therein, that the defendant *Land & River Improvement Company* is personally liable, and that the plaintiff have judgment against the *Land & River Improvement Company* for any such deficiency, it was therein ordered and adjudged that the plaintiff have and recover of the defendant *Land & River Improvement Company* the sum of $772.77, and that judgment be entered accordingly, and that the said plaintiff have execution therefor.

On November 9, 1897, the defendant *Land & River Improvement Company* moved the court, upon the records and files in this suit, and upon all the papers made, served, and filed therein, and upon all proceedings therein taken, for an order vacating and setting aside the judgment rendered and entered in this suit July 27, 1897, against the defendant *Land & River Improvement Company* for $772.77. Upon the hearing of that motion, November 10, 1897, it was ordered by the court that the motion be, and the same was thereby, denied, with $10 costs. From that order, and from the judgment for deficiency so entered July 27, 1897, the defendant *Land & River Improvement Company* brings this appeal.

We are asked to reverse the judgment for deficiency, and the order refusing to set aside that judgment, for the reason that the complaint fails to state facts sufficient to constitute a cause of action for personal liability of the defendant the

*Land & River Improvement Company* for such deficiency. Had such objection been made at the proper time and in the proper manner, it probably would have been available. It is true that it is one of the objections which is not waived by failing to raise the same by demurrer or answer. R. S. 1878, sec. 2654. Had the company appeared, however, and demurred *ore tenus*, much greater latitude of presumption would have been indulged to sustain the complaint than upon a regular demurrer thereto. *Hagenah v. Geffert*, 73 Wis. 636. Under that section it has also been held by this court that it is too late, on appeal, after evidence tending to show a cause of action has been admitted without objection and instructions given without exception, to invoke the objection that no cause of action is stated. *Vassau v. Thompson*, 46 Wis. 345. The complaint in the case at bar was sufficient to inform the company that the plaintiff claimed that it was personally liable, as indorser, for any deficiency, and that judgment would be taken against it for such deficiency. The complaint was personally served upon the *Land & River Improvement Company*, but it made no appearance, and, of course, made no objection to proofs, nor otherwise. The judgment taken was strictly in accordance with the prayer for relief. R. S. 1878, sec. 2886. This court has recently held that where a defendant preserves no exceptions to findings, and perfects no bill of exceptions, but bases his appeal on the record simply, he cannot take advantage of any defect in the complaint for foreclosure of the mortgage, arising from failure to make appropriate allegations on which to base reformation or discharge of the mortgage. *Kane v. Williams, ante,* p. 65.

But there is another satisfactory reason why the objection now raised is unavailable. The judgment of foreclosure and sale entered June 1, 1897, determined the rights of the parties. It adjudged the *Land & River Improvement Company* to be liable for any deficiency. That judgment is binding upon the appellant, and is not appealed from. *Kane v. Will-*

*iams, supra; Gaynor v. Blewett*, 86 Wis. 399.   The judgment for the deficiency was not entered until nearly two months afterwards, and the motion to set aside that judgment was not made until a subsequent term.

*By the Court.*— The order and judgment of the circuit court, appealed from, are both affirmed.