Bostwick vs. Van Vleck.

Bostwick, Respondent, vs. Van Vleck, Appellant.
Bostwick, Appellant, vs. Van Vleck, Respondent.

*March 20 — April 6, 1900.*

*Judgments: Correction of clerical errors: Foreclosure of mortgage: Setting aside sale and deficiency judgment.*

1. A clerical mistake in a judgment, whereby it fails to correctly express the decision pronounced, may be corrected by the court without regard to time, saving the rights of innocent third persons, if no equity of any party to the record be thereby violated.

2. A clerical mistake in a judgment, subject to correction as above indicated, exists where there has been an attempt to preserve of record the judgment actually pronounced, not where there has been an erroneous omission to pass upon some material question or such a question erroneously passed upon.

3. The correction of a mere clerical mistake in a judgment of foreclosure does not make a new judgment. The corrected judgment will stand as effective for all purposes as if properly entered in the first instance.

4. If a sale, pursuant to a judgment of foreclosure of a mortgage, be set aside because of a clerical mistake therein, and a resale be ordered, a judgment for a deficiency rendered pursuant to the report of the first sale should be set aside, because the remedy for the collection of the mortgage indebtedness by a sale of the entire mortgaged property must be exhausted as a condition precedent to such a judgment.

[Syllabus by Marshall, J.]

APPEALS from orders and a judgment of the superior court of Douglas county: CHARLES SMITH, Judge.  *Affirmed.*

The action was for the foreclosure of a mortgage on three parcels of real estate, one described as "*the east half* of the west half of the northeast quarter of the northeast quarter, being ten acres of section 34, town 48, range 15 west, in Douglas county, Wisconsin." The description in the complaint was correct. Such proceedings were duly had that a judgment of foreclosure and sale was ordered in accordance with the complaint. In the draft for the judgment, signed pursuant to the aforesaid order, a clerical error was made in that the land particularly mentioned was described as "*the northeast* one-half of the west one-half of the northeast one-quarter of the northeast one-quarter, being ten acres of section 34, town 48, range 15 west, in Douglas county, Wisconsin." The judgment contained the usual provision for a deficiency judgment against the defendant, *B. Jarvis Van Vleck,* who was personally liable. After one year from the entry of the judgment, such proceedings were duly had pursuant thereto that the mortgaged premises, as described in such judgment, were separately sold, the one erroneously described as aforesaid being sold for $100. Such sale was reported to and confirmed by the superior court, and a judgment against *Van Vleck* for a deficiency, in accordance therewith, was ordered. A sheriff's deed was made to plaintiff, the purchaser, and a deficiency judgment was rendered in his favor in accordance with the aforesaid order. A short time thereafter the error in the description of the ten acres was discovered, and thereupon a motion was made to the court, on due notice to *Van Vleck,* for a correction of the judgment in that regard. The motion was granted May 24, 1899, and a resale of the misdescribed land ordered. The deficiency judgment was set aside on the court's own motion, to which plaintiff excepted. Notice of a resale of the ten acres, dated March 31, 1899, was published March 26, 1899, and once each week thereafter up to and including May 7,

1899, the date of the last publication. The sale was made pursuant to such notice, May 15, 1899, plaintiff being the purchaser for $100, leaving a deficiency of $4,599.40. A report of the sale was made in accordance with the facts, which, on motion of the plaintiff and notice to defendant *Van Vleck*, was confirmed, and judgment ordered against *Van Vleck* for the amount of the deficiency specified in such report. *Van Vleck* excepted to the order confirming such sale and took this appeal from such order and from the deficiency judgment. Plaintiff appealed from the order vacating the first deficiency judgment.

The cause was submitted for the plaintiff on briefs by *Henry W. Gilbert* and *H. C. Sloan*, and for the defendant on the brief of *A. B. Ross*.

MARSHALL, J. The only assignment of error argued on the appeal of defendant *Van Vleck* is that the sale was prematurely made; that the corrected judgment was a new judgment, and that the plaintiff should have waited one year before causing the property to be sold under it, as required by sec. 3162, Stats. 1898.

The amendment did not make a new judgment. It merely corrected the written evidence of the judgment actually rendered so as to conform to the truth. The judgment pronounced by the court was what governed. That was not changed by the amendment. The difficulty grew out of a mere clerical error which it was competent for the court to correct in accordance with the facts, and without regard to time, since the rights of third persons had not intervened and there were no equitable considerations, as regards any party to the record, standing in the way.

The power of the court over such matters was very recently fully considered by this court in *Packard v. Kinzie Ave. Heights Co.* 105 Wis. 323. Most of the cases previously decided here, touching the question, will be found there cited, together with references to elementary works on the subject.

The test to be applied in determining whether an error in a judgment is of a judicial character, or a mere clerical mistake which may be corrected in the court where it was made at any time, saving intervening rights of third parties and with due regard to equitable considerations, is whether the error relates to something that the trial court erroneously omitted to pass upon or considered and passed upon erroneously, or a mere omission to preserve of record, correctly in all respects, the actual decision of the court, which in itself was free from error.   If the difficulty is found to be of the latter character, it may be remedied as a mere clerical mistake, which will not have the effect to change the judgment pronounced in the slightest degree, but merely to correct the record evidence of such judgment.

In the light of the test above mentioned, it will be readily seen that the position of appellant *Van Vleck* is unsound. The judgment was ripe for a sale of the mortgaged property as soon as the correction thereof was made.   It follows that the order confirming the second sale, and all the proceedings in regard thereto, were free from error so far as relates to the question above discussed.

The order setting aside the deficiency judgment first entered was proper.   The foreclosure judgment authorized a judgment for deficiency only in case a sale of the entire mortgaged premises failed to realize a sufficient amount to satisfy the mortgage indebtedness.   The sale of a part of the mortgaged premises having been set aside, the condition precedent to a deficiency judgment did not exist.   Therefore the order setting aside such judgment necessarily followed the order setting aside the sale.

*By the Court.*— The order confirming the sheriff's report of sale, and the judgment for deficiency, are affirmed on the appeal of defendant *Van Vleck;* and the order setting aside the first deficiency judgment is affirmed on the appeal of plaintiff.