CITIZENS LOAN & TRUST COMPANY, Administrator, Appellant, vs. WITTE and others, imp., Respondents.

*October 21—November 17, 1903.*

*Mortgages: Foreclosure: Liability for deficiency: New judgment after reversal: Premature sale.*

After the reversal of that part of a foreclosure judgment which adjudged that certain defendants were not personally liable for any deficiency, the judgment was completed in the trial court pursuant to the mandate of the appellate court, and contained an order for judgment against said defendants for any deficiency on the sale, they being adjudged personally liable therefor. *Held* that, under sec. 3162, Stats. 1898, as against those defendants there could be no sale until the expiration of a year after such completion of the judgment.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Nath. Pereles & Sons,* and oral argument by *C. F. Hunter.*

For the respondents there was a brief by *Fiebing & Killilea,* and oral argument by *H. J. Killilea.*

CASSODAY, C. J. This case was here upon a former appeal from that part of a judgment of foreclosure and sale of the mortgaged premises rendered January 9, 1902, which adjudged that the defendants *Otto* and *Katherine Witte* were not personally liable for the whole or any portion of any deficiency that might arise upon the sale of the mortgaged premises, by virtue of the deed to them of the premises executed January 16, 1894, wherein they assumed, as a part of the purchase money, and thereby agreed to pay, the notes secured by the mortgage. *Citizens L. & T. Co. v. Witte,* 116 Wis. 60, 63–66, 92 N. W. 443. This court reversed that judgment, and held that *Otto* and *Katherine Witte* were personally liable for such deficiency, and remanded the cause to the

trial court, with direction to complete the entry of judgment in accordance with the opinion filed therein. Thereupon the *remittitur* was filed in the trial court, and on January 24, 1903, such judgment was so completed, and it was therein adjudged, among other things, that *Otto* and *Katherine Witte,* and two others therein named, were personally liable for the amount of such deficiency and interest from the date of sale, and that the plaintiff have execution therefor to enforce the payment of the same. June 1, 1903, the mortgaged premises were sold by the sheriff on the foreclosure judgment so perfected to the defendant *Thomas J. Pereles* for $2,500; and the sheriff thereupon executed, acknowledged, and delivered to such purchaser a deed of the premises, and made and filed his report of such sale with the clerk of the court June 11, 1903. Thereupon the plaintiff gave notice of application to the court for an order confirming such report of sale, and for an order directing judgment for deficiency against the defendants *Otto* and *Katherine Witte* for the sum of $1,854.52. Upon the hearing of such motion the defendants *Otto* and *Katherine Witte* appeared by counsel and objected to such confirmation on the ground that they were entitled to one year from January 24, 1903, to redeem the mortgaged premises, and hence that the sale was premature and ought not to be confirmed, and moved the court, upon the records, to set aside the sheriff's report of sale. Thereupon the court entered an order denying the application to confirm the report of sale, and setting aside and vacating the same. From that order the plaintiff appeals.

The statute provides, in effect, that the judgment of foreclosure and sale shall fix the amount of the mortgage debt, as therein prescribed, "and shall adjudge that the mortgaged premises be sold for the payment of the amount adjudged" therein, "and when demanded in the complaint," as here, "an order directing that judgment be rendered for any deficiency against the parties personally liable therefor; but

no such sale shall be made until the expiration of one year from the date of such judgment or order of sale," etc. Sec. 3162, Stats. 1898. The manifest purpose of the last clause quoted was to give all parties interested one year from the date of the judgment or order of sale within which to redeem from such judgment. And so another section of the statute declares that:

"The mortgagor, his heirs, personal representatives or assigns, may redeem the mortgaged premises from the effect of said judgment and the lien of the mortgage thereon at any time before the sale of such premises by paying to the clerk of the court in which the judgment was rendered, or to the plaintiff therein, or any assignee thereof, or to his attorney the amount of such judgment, interest thereon as aforesaid and costs," etc. Sec. 3165, Stats. 1898.

The title to the premises, subject to the mortgage, passed from the mortgagors, through mesne conveyances, to the defendants *Otto* and *Katherine Witte;* and hence they, as such assignees, had the right to redeem. *Wylie v. Welch,* 51 Wis. 351, 8 N. W. 207. So long as the original judgment of foreclosure and sale exonerated them from any liability to pay any deficiency, they may not have cared to redeem, or whether the mortgaged premises, on sheriff's sale, brought much or little. But when, on January 24, 1903, they were adjudged liable for the payment of such deficiency, then it was for their interest either to redeem from the judgment, or see to it that the premises at the sheriff's sale should bring as large an amount as possible. This court has held that the part of the judgment "which orders a judgment for a deficiency is an integral part of the judgment." *Kane v. Williams,* 99 Wis. 65, 74 N. W. 570. The judgment so entered January 24, 1903, was a new judgment, and the only judgment against *Otto* and *Katherine Witte,* and hence the sale was premature as to them. The case is distinguished from *Bostwick v. Van Vleck,* 106 Wis. 387, 389, 82 N. W. 302, where by an amendment a mere clerical mistake in the entry of the judgment

actually rendered was corrected so as to conform to the truth. We are clearly of the opinion that the sheriff's sale was premature, and hence properly set aside.

*By the Court.*—The order of the circuit court is affirmed.