PERELES and another, Executors, Respondents, vs. LEISER,
Executor, imp., Appellant.

*October 21—November 15, 1904.*

*Mortgages: Foreclosure: Judgments: Appeal and error: Limitation
on time within which appeal can be taken from deficiency
judgment: Dismissal of appeal.*

1. Under sec. 3039, Stats. 1898, limiting the time within which an
appeal may be taken from a judgment, an appeal taken Febru-
ary 4, 1904, from a judgment entered November 3, 1900, is too
late, and will be dismissed.

2. On foreclosure of a mortgage, the judgment of foreclosure and
sale, entered on default November 30, 1900, adjudged the estate
of defendant's testatrix, a married woman, personally liable
for the debt, and contained provision for a judgment for de-
ficiency against her estate. On confirmation of the report of
sale, such deficiency judgment was entered February 5, 1902.
Defendant, as such executor, on February 4, 1904 appealed
from such deficiency judgment, and also from that part of the
judgment of foreclosure and sale which adjudged the estate of
his testatrix personally liable. *Held,* that the judgment of
foreclosure and sale, not having been appealed from within
the time limited by statute, was conclusive on the executor,
and that there was no merit in the appeal from the formal
judgment for deficiency.

APPEALS from judgments of the superior court of Milwau-
kee county: ORREN T. WILLIAMS, Judge. *Appeal from one
judgment dismissed; from the other affirmed.*

This action was commenced August 24, 1900, by the tes-
tator of the plaintiffs to foreclose a note secured by mortgage
on the real estate described, both executed by Sarah Leiser to
Francisca Strobel, June 1, 1894, for $500, payable three
years after the date thereof, with interest thereon at 6 per
cent. from the date thereof. The mortgage was recorded June
15, 1894. Sarah Leiser died testate June 16, 1895, her will
was admitted to probate July 10, 1895, and the defendant
*Isidor Leiser* was appointed executor thereof September 14,
1895. June 30, 1900, in consideration of $547.50 paid, the

said Francisca Strobel assigned said note and mortgage to the testator of the plaintiffs, Benjamin Franklin Pereles, which assignment was duly recorded July 5, 1900. Notice of *lis pendens* was filed September 11, 1900. November 3, 1900, judgment of foreclosure and sale was entered in this action by default. Said judgment contained the following provision, to wit:

"It is further ordered, adjudged, and decreed that if the proceeds of such sale shall be insufficient to pay the amount adjudged to the plaintiff, aforesaid, with interest and costs, the said sheriff specify the amount of such deficiency in his report of sale, and, upon filing said report and its confirmation, that judgment be entered and docketed in favor of the plaintiff and against the estate of Sarah Leiser, which is liable for the amount of such deficiency and interest from the date of sale, and that the plaintiff have execution therein to enforce payment of the same."

December 30, 1901, upon due notice, the sheriff sold the mortgaged premises to one *Herman Pereles* for $200. January 9, 1902, the sheriff's report of such sale was filed, from which it appeared that there was a deficiency on said sale of $596.43. February 1, 1902, the defendant *Isidor Leiser,* as such executor of the will of Sarah Leiser, deceased, filed his petition, and therein offered to prove the allegations alleged, praying that the plaintiff be permitted to take no further or other judgment, and that no judgment for deficiency be entered against such estate of Sarah Leiser, deceased. February 5, 1902, and upon such petition and the records, files, and proceedings therein, and upon motion of the plaintiff's attorney, it was "ordered and adjudged that the said sheriff's report and sale be, and the same are hereby, confirmed, for the reason that the executor has no right to contest the final foreclosure judgment entered by default over a year ago, and because said judgment is a final judgment; and it is further ordered and adjudged that the plaintiff herein recover of *Isidor Leiser,* as executor of the last will and testament of

Sarah Leiser, deceased, the sum of $596.43, being the deficiency specified in said report of sale—said sum to be chargeable upon and collected out of the estate of said Sarah Leiser,. deceased—and that the clerk of this court enter judgment accordingly, and certify the same to the county court as a claim: against said estate;" and such judgment was duly docketed February 5, 1902. February 4, 1904, the defendant *Isidor Leiser,* as such executor, appealed to this court from that part of the judgment of November 3, 1900, quoted above, and also from the whole of the order and judgment so rendered February 5, 1902, and quoted above.

In pursuance of the stipulation of the parties herein made August 26, 1904, it was thereupon ordered by this court that *Max* and *Herman Pereles* be substituted as plaintiffs and respondents in place of Benjamin Franklin Pereles, who died testate June 22, 1902, and whose will was admitted to probate June 28, 1902, and September 5, 1902, *Max* and *Herman Pereles* were duly appointed executors of such will, and have since acted as such, and that this appeal be revived in their names.

*H. L. Eaton,* for the appellant.

For the respondents the cause was submitted on the brief of *W. O. Thomas.*

CASSODAY, C. J. Counsel for the plaintiff moves to dismiss the appeal from that part of the judgment of foreclosure and sale entered November 3, 1900, and quoted above, for the reason that it was not taken within "two years from the date of the entry of such judgment or order," as prescribed by the statute (sec. 3039, Stats. 1898). As appears from the foregoing statement, such appeal was not taken until more than three years after "the entry of such judgment or order," and hence we perceive no reason why that appeal should not be dismissed.

The question recurs whether the matters determined in the

judgment of November 3, 1900, are conclusive upon the parties, or are reviewable on the appeal from the judgment of deficiency entered February 5, 1902. The original judgment determined the amount due to the plaintiff therein, and, in the portion quoted in the foregoing statement, ordered and adjudged "that judgment be entered and docketed in favor of the plaintiff, and against the estate of Sarah Leiser, which is liable" therefor. Upon the appeal in the other case between the same parties, such a judgment was held to be erroneous, but not void. *Pereles v. Leiser,* 119 Wis. 347, 96 N. W. 799. Counsel contends, however, that it was not a judgment for deficiency, and that no such judgment could be taken until the confirmation of the sheriff's report of sale, or afterwards. The statutes regulating the entry of such judgments provide:

"In actions for the foreclosure of mortgages upon real estate, if the plaintiff recover, the court shall render judgment of foreclosure and sale, as hereinafter provided." Sec. 3154, Stats. 1898.

And then, after stating how the proceeds of the sale should be applied (section 3155), the statute further provides:

"In all such actions the plaintiff may in his complaint unite with his claim for a foreclosure and sale a demand for judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises against every party who may be personally liable for the debt secured by the mortgage; . . . and judgment of foreclosure and sale, and also for any such deficiency remaining after applying the proceeds of sale to the amount adjudged to be due for principal, interest and cost, may in such case be rendered. Such judgment for deficiency shall be ordered in the original judgment, and separately rendered against the party liable on or after the coming in and confirmation of the report of sale, and be docketed and enforced as in other cases." Sec. 3156, Stats. 1898.

Another section of the statute provides, so far as it applies to this case:

"The judgment shall fix the amount of the mortgage debt then due . . . and shall adjudge that the mortgaged premises be sold for the payment of the amount adjudged to be due, . . . and, when demanded in the complaint, an order directing that judgment be rendered for any deficiency against the parties personally liable therefor." Sec. 3162, Stats. 1898.

In *Gaynor v. Blewett,* 86 Wis. 399, 400, 57 N. W. 44, Mr. Justice ORTON, construing these sections, and speaking for the court, said:

"The statute requires that judgment for the deficiency shall be ordered in the original judgment. The order is a necessary part of the judgment of foreclosure, and it is a final adjudication of the defendant's common-law liability for the debt. The formal judgment is rendered and docketed as of course on the coming in and confirmation of the report of sale showing the amount of the deficiency."

It was there held that the part of the judgment for such deficiency was appealable. That was followed in *Kane v. Williams,* 99 Wis. 65, 72, 74 N. W. 570, where it was claimed that such part of the judgment for deficiency was "a mere order," and not appealable; but the court held that the point was not well taken, and that it was "an integral part of the judgment," and fixed the rights of the parties, and hence was appealable. That was followed in *Richards v. Land & River Imp. Co.* 99 Wis. 625, 629, 75 N. W. 401. See, also, *Duecker v. Goeres,* 104 Wis. 29, 38, 80 N. W. 91.

We must hold that the original judgment to the effect that the estate of Sarah Leiser was liable for such deficiency, not having been appealed from within the time limited by the statute, is conclusive upon the executor. It necessarily follows that there is no merit in the appeal from the formal judgment for deficiency, entered February 5, 1902.

*By the Court.*—The appeal from the part of the original judgment entered November 3, 1900, of the superior court of Milwaukee county, is dismissed. The formal judgment for deficiency entered February 5, 1902, is affirmed.