HOMESTEAD LAND COMPANY, Appellant, vs. SAVELAND and another, imp., Respondents.

*May 11—June 3, 1909.*

*Mortgages: Foreclosure: Personal liability: Judgment: Appeal and error: Review: Appeal from final judgment: Vacation of judgment: New trial: Order: Effect.*

1. An order for a judgment for deficiency is necessarily a part of a judgment of foreclosure, and is the final adjudication of the defendant's common-law liability for the debt, the formal judgment therefor being rendered and docketed as of course on the coming in and confirmation of the report of sale showing the amount of the deficiency.

2. That part of a foreclosure judgment ordering a judgment for deficiency is appealable.

3. An appeal from a judgment for deficiency, entered after confirmation of the sale under a foreclosure judgment, does not enable the appellant to review the question of personal liability adjudicated by the foreclosure judgment, in the absence of an appeal from that judgment.

4. Where the time for appeal from a judgment of foreclosure and sale has expired, a judgment for deficiency rendered thereon is not subject to review.

5. A motion to vacate a judgment for deficiency, entered after confirmation of sale on foreclosure, is properly denied where the motion does not also include the vacation of the foreclosure judgment.

6. An order granting a motion for a new trial made after the entry of the judgment does not *ipso facto* vacate the judgment, and should not be entertained unless coupled with a motion to vacate the judgment.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

By warranty deed dated May 2, 1894, *Charles Stropahl* and wife conveyed certain premises to the defendant *William Foesch,* which deed contained the following clause:

"That there is a mortgage on said premises on which there is a balance due of three hundred sixty-five dollars ($365.00), which the party of the second part (*Foesch*) assumes as part purchase price for said premises, with interest from the date hereof."

Thereafter said *Foesch* conveyed the same premises by warranty deed to the defendant *Tennis W. Saveland,* which deed also contained the clause above quoted. Thereafter the plaintiff brought an action to foreclose the mortgage referred to in said deeds. Said *Foesch* and *Saveland* were named as defendants therein, and the summons and complaint were personally served on them. Among other things the complaint prayed that the plaintiff have judgment for deficiency against the defendants *Stropahl, Foesch,* and *Saveland.* Judgment of foreclosure and sale was entered by default

March 5, 1904. The judgment provided that if the proceeds from the sale of the mortgaged property were insufficient to pay the amount adjudged to be due, the sheriff should specify the deficiency in his report of sale, and judgment for the deficiency was ordered to be separately rendered against each of the other defendants aforesaid. On May 13, 1905, a judgment for deficiency against said defendants was entered. On January 10, 1907, the defendant *Saveland* procured an order from the circuit court for Milwaukee county upon the plaintiff to show cause why an order should not be made vacating the deficiency judgment as to him and permitting said defendant to serve and file an answer and defend the action. The motion of the defendant was granted, and it was ordered that the judgment for deficiency in favor of the plaintiff and against the defendant *Saveland* be vacated and set aside as to the defendant *Saveland* and that he be permitted to file his answer within twenty days. The court further ordered that such judgment stand as security for the collection of the debt unless the defendant filed a satisfactory undertaking in the sum of $750. The defendant *Saveland* set up by way of answer that the clause in his deed by which he assumed the mortgage indebtedness was inserted in the instrument by inadvertence and mistake. He also set up as a separate defense that after the foreclosure was commenced he executed and delivered to the plaintiff a quitclaim deed of his interest in the premises, which was received with the understanding and agreement that the action was to be discontinued as to him. The defendant *Foesch* answered denying that there was any mistake made as to the contents of the deed to *Saveland*. A trial on the merits resulted in a judgment in favor of the defendant *Saveland*. The court further held that *Saveland* was the principal debtor and that the liability of *Foesch* was that of a guarantor only, and that, the principal debtor being discharged, the judgment should also be set aside as to the defendant *Foesch*. The plaintiff appeals from such judgment.

For the appellant there was a brief by *H. M. Carpenter,* attorney, and *Cary, Upham & Black,* of counsel, and oral argument by *John J. Cook.*

*G. J. Davelaar,* for the respondent *Saveland.*

*Charles E. Hammersley,* for the respondent *Foesch.*

BARNES, J. In *Gaynor v. Blewett,* 86 Wis. 399, 400, 57 N. W. 44, the court said:

"The statute (sec. 3156, R. S.) requires that judgment for the deficiency *shall be ordered* in the original judgment. The order is a necessary part of the judgment of foreclosure, and it is a final adjudication of the defendant's common-law liability for the debt. The formal judgment is rendered and docketed as of course, on the coming in and confirmation of the report of sale showing the amount of the deficiency."

That part of a foreclosure judgment which orders a judgment for deficiency is appealable, and an appeal from the judgment entered after confirmation of sale does not enable the appellant to litigate the question of his personal liability adjudicated by the foreclosure judgment, in the absence of an appeal from that judgment. *Richards v. Land & R. Imp. Co.* 99 Wis. 625, 75 N. W. 401. Where the time has expired within which an appeal may be taken from the foreclosure judgment, the deficiency judgment rendered in accordance therewith cannot be reviewed on appeal. *Pereles v. Leiser,* 123 Wis. 233, 101 N. W. 413.

The defendant *Saveland* did not ask the court to set aside so much of the foreclosure judgment as adjudged him to be personally liable for any deficiency that might occur. The language used in the motion papers and in the order granting the relief asked for is the same. The court ordered:

"That said judgment for deficiency entered in this action on the 13th day of May, 1905, in favor of the plaintiff, and against the defendant *Tennis W. Saveland,* for the sum of $408.13, damages and costs, be, and the same is hereby, va-

cated and set aside as to the defendant *Tennis W. Saveland,.* and he is hereby permitted to serve and file his answer within twenty days from the entry of this order. . . ."

This order, with precision and exactness, refers to the deficiency judgment, giving its date of entry and the amount thereof. It does not refer to the original foreclosure judgment by which the personal liability of the defendant was established. It would be only by a very far-fetched implication indeed that this order could be held to vacate and set aside any part of the original judgment. It is important that the stability and integrity of court decrees be upheld, and it seems to us that it would be doing violence to very plain and unambiguous language to hold that the words here used, in fact or by any reasonable implication, vacated any judgment or any part of any judgment except that for deficiency rendered May 13, 1905. The situation is somewhat analogous to that presented where a motion is made for a new trial after the entry of judgment. An order granting such motion would not, *ipso facto,* vacate the judgment, and the motion for a new trial should not be entertained unless coupled with a motion to vacate the judgment. *Whitney v. Karner,* 44 Wis. 563; *Bailey v. Costello,* 94 Wis. 87, 93, 68 N. W. 663.

The judgment appealed from, among other things, adjudges that the plaintiff was not entitled to a deficiency judgment against the defendants *Saveland* and *Foesch.* This provision of the judgment is directly contrary to the adjudication of the court in the foreclosure suit. The order vacating the deficiency judgment was made March 20, 1907. The moving party was conversant with the fact that judgment had been entered against him some time prior thereto. Over a year and a half elapsed after the deficiency judgment was set aside before this action was tried, and judgment therein was not entered until November 5, 1908. It is therefore apparent that no application was made under sec. 2832, Stats. (1898),

·to set aside any part of the foreclosure judgment within one year after the moving party had notice of such judgment and ·of his rights in reference thereto.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to reinstate the deficiency judgment, and for further proceedings according to law.

.SIEBECKER, J., took no part.