ARCHER, Respondent, vs. MILWAUKEE AUTO ENGINE & SUPPLY COMPANY, Appellant.

*December 8, 1910—January 10, 1911.*

*Contracts: Breach of warranty: Measure of damages: Appeal: Bill of exceptions: Presumptions.*

1. In an action for breach of warranty on a contract to furnish connections and accessories and install an engine in a boat, the measure of damages is the difference between the value of the boat in the condition in which it was delivered and what its value would have been had the contract been complied with, as well as such special damages as are properly shown.
2. An award of damages in such case " (a) for the difference in value between the connections, accessories and labor furnished, and that called for by the contract," and also " (b) for the expenses actually incurred by the plaintiff in putting the connections, accessories and installation work in the boat in a condition to correspond with the contract," is erroneous because involving duplication, the second item, so far as proper, being included in the first.
3. The second item above mentioned should in any case have covered only the expenses *reasonably* and *necessarily* incurred.

4. Where special damages have been awarded for breach of a con-
tract it will be presumed on appeal, in the absence of any bill
of exceptions, that if amendment was necessary the complaint
was amended at the trial so as to permit recovery of such dam-
ages, and also, if evidence could show such damages to be proper,
that such evidence was offered.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge. *Modified
and affirmed.*

For the appellant the cause was submitted on the brief of
*Edgar L. Wood.*

For the respondent there was a brief by *Rubin & Zabel,*
and oral argument by *W. B. Rubin.*

BARNES, J. The plaintiff was the owner of a boat and an
engine. The defendant agreed to furnish the necessary con-
nections and accessories and install the engine in the boat
under a certain warranty as to material and workmanship, in
consideration of $227.72. This action is brought to recover
damages for breach of the warranty. The sixth question in
the special verdict and the answers thereto were as follows:

"6. If the court should be of the opinion that the plaintiff
is entitled to recover against the defendant in this action,
what sum will reasonably compensate the plaintiff:

"(a) For the difference in value between the connections,
accessories and labor furnished, and that called for by the
contract?

"(b) For the expenses actually incurred by the plaintiff in
putting the connections, accessories and installation work in
the boat in a condition to correspond with the contract?

"(c) For the reasonable value of the use of the boat after
the 15th of August, 1907, during the boat season of 1907?

"*Answer:* (a)    67.00  dollars.
              (b)    96.00  dollars.
              (c)  190.00  dollars.
              —————
              353.00  dollars."

Judgment was entered on the verdict for $353 damages and costs.   Defendant appeals.   No bill of exceptions was settled.   The question is, Does the verdict support the judgment?

The rule of law fixing the measure of damages recoverable is well settled.   Plaintiff was entitled to recover the difference between the value of the boat in the condition in which it was delivered and what its value would have been had the contract been complied with, as well as such special damages as were properly shown.   *Fisk v. Tank,* 12 Wis. 276, 309; *J. Thompson Mfg. Co. v. Gunderson,* 106 Wis. 449, 458, 82 N. W. 299.   The first subdivision of the question called for every item of general damages which plaintiff was entitled to. The second subdivision was improperly submitted to the jury for two reasons: First, because the item of labor expense in putting the boat in the condition in which the defendant agreed to place it was covered by subdivision (a) of the question, and, second, because if it was desired to secure a second answer showing the damage suffered by plaintiff on account of bad workmanship, the question should have called for the amount *reasonably* and *necessarily* expended in making the repairs.   The plaintiff might have incurred an unreasonable and unnecessary expense in doing the work.   But such a finding would not assist in determining the damage sustained in the absence of another directed to the damage resulting from the poor material furnished.   The first question is not confined to the materials used, but covers the labor cost of making the repairs as well.   There is no escape from the conclusion that damages were duplicated, if it be conceded that the second question could have any proper place in the verdict.

The damages covered by subdivision (c) of the question are special, and it is urged that such damages are not recoverable under the complaint.   In the absence of a bill of exceptions we must presume that the complaint was properly

amended, if amendment were necessary. *Kane v. Williams,* 99 Wis. 65, 74 N. W. 570. It is further urged that the special damages recovered were not fairly within the contemplation of the parties; that they were uncertain and speculative; and that the defects in the boat could readily have been remedied, and that plaintiff was obliged to minimize his damages by using reasonable diligence to repair the defects. We have no means of knowing whether these contentions are well founded in fact or not. If, under any proof that might have been offered, it could be said that the damages assessed were within the contemplation of the parties, we must presume that such evidence was offered, and it is not difficult to imagine a state of facts which would render such damages entirely proper. So, too, we are not able to say that these damages were not made definite and certain by the evidence, because we do not know what the evidence was. Neither can we say that facts were not shown which excused the plaintiff from making the repairs sooner than he did, or that it did not affirmatively appear that it was impossible to make them sooner. In order to review these questions it is essential that the evidence be made a part of the record.

Our conclusion is that the item of $96 should be stricken from the judgment as of the date of its entry, and that as so modified the judgment should be affirmed.

*By the Court.*—The judgment appealed from is modified by striking therefrom the sum of $96, as indicated in the opinion, and as so modified the judgment is affirmed; costs to be awarded to the appellant in this court.