CARL YOUNG, Appellant, v. NICHOLIS MANDIS, Appellee.

**PLEADING:** Amendment—Belated Presentation of Issue. An issue which was not before the court when judgment was rendered may not be injected into the case under guise of an amendment.

**DAMAGES:** Permanence of Injuries—Insufficient Proof. Permanency of injuries must be established to a reasonable certainty. Evidence reviewed, and held not to meet the rule.

*Appeal from Woodbury District Court.*—JOHN W. ANDERSON, Judge.

SEPTEMBER 30, 1921.

ACTION at law, to recover $3,000 damages alleged to have been suffered by plaintiff, by being run over by the driver of defendant's automobile. Trial to a jury, which returned a verdict for plaintiff for $656.35, which the court thought was not in harmony with and in obedience to the instructions of the court, in that the verdict included items not submitted to the jury, and in excess of the amount authorized by the instructions. The court, upon its own motion, reduced the verdict to $156.35, and rendered judgment for the latter amount. Thereafter, plaintiff filed a motion asking the court to vacate the judgment so rendered, and to render a judgment in the sum of $656.35 on the verdict as returned; also filed a motion for new trial. Both of these motions were overruled. Plaintiff appeals.—*Affirmed.*

· *C. R. Metcalfe* and *F. H. Rice,* for appellant.

*Jepson & Struble* and *Brockett, Strauss & Blake,* for appellee.

PRESTON, J.—1. Four items claimed for in the petition were: Lost time, three weeks, $75; damage to bicycle, $25; hospital bill, $31.35; physician's bill, $25,—total, $156.35. Plaintiff's testimony sustained the verdict of the jury as to these items, and this is the amount of the verdict as finally fixed by

the court. No evidence was introduced on behalf of the defendant, except that of the defendant himself, who testified as to his employment of the driver of the car and his duties, and so on.

The court instructed the jury:

"If, under the evidence and these instructions, you find for the plaintiff, and that he is entitled to recover, it will then be your duty to ascertain and determine from the evidence the amount of such recovery. And in doing this, you should take into consideration the damage of plaintiff's bicycle, his loss of time, hospital and medical attendance, and assess such an amount as you find from the evidence will fairly compensate him for the damages sustained by him, if any, not, however, exceeding the sum of $156.35."

The instructions seem to clearly limit plaintiff's recovery to the items mentioned, so that it shall not exceed $156.35; although counsel for plaintiff argue that, properly construed, the instruction authorizes a recovery for other items, and in a larger amount. We shall see in a moment that there was no pleading or evidence authorizing a larger recovery. When the jury returned a verdict for the larger amount, the court made this record:

"It appearing to the court that said verdict is not in accordance with the instruction of the court, in which instruction said jury is instructed that they shall not find for the plaintiff in any amount in excess of $156.35, it is ordered by the court, upon its own motion, that said verdict be amended and reduced, so that the amount therein shall read $156.35, instead of $656.35," etc.

Judgment was thereupon rendered. The petition alleged that plaintiff was bruised, his leg lacerated, and his ankle and knee sprained, and that he was still sore and lame, and that because thereof he had lost time, etc.; but there is no claim in the petition for pain and suffering. However, some two or three days after the trial, and after the judgment had been entered, the plaintiff filed an amendment to the petition, as it says, to conform to the proof, and to make his claim for damages more specific, and says that he suffered severe physical pain and anguish during the time he was in the hospital, and after he was out, for two weeks, and since then has suffered constant pain, but not so severe, which pain prevents him from enjoying com-

fort, and disturbs his sleep at night. It appears that plaintiff was in the hospital seven days, and that those who called to see him testify, as he and his wife do, that he appeared to suffer pain while he was in the hospital, and for a short time thereafter. He was at home two weeks after he left the hospital, and then returned to his work.

In a proper case, amendments to meet the proof are permissible, but it would not be expected that the court would instruct the jury, or that the jury would make any allowance for pain and suffering which was not in issue until after the trial was over and judgment rendered. The original petition further alleged:

1. PLEADING: amendment: belated presentation of issue.

"Plaintiff further says that his injuries are of a permanent character, and that he has not been able to perform efficient service since, on account of his said injuries."

We take it that the more important point in the case is whether the evidence was sufficient to require the submission to the jury of the question as to whether plaintiff's injuries were permanent. No medical witnesses testified. Plaintiff testified that before the accident he had nothing wrong with him, so far as he knew; that since then he has had pains in his back and neck, and sprains on his ankles, and they are weak; that, several nights, he had to sit up; that the pain in his legs was so severe that he had to sit up and rub them, and his wife put a hot water bag, with ice in it, on his leg; that he was away from work two weeks, and returned to the same employment at $25 per week.

2. DAMAGES: permanence of injuries insufficient proof.

"Q. To go back, just exactly what is the effect of the injury upon your arm,—you say you suffered a sprain? A. Of the leg; it strained the back of my neck and back. Q. What is the effect of it now? A. I have a catch in the back now, in the center of the back, and am not able to do the same kind of work I did before. At this time I suffer pain in my right leg and ankle and back. Q. Do you know whether that pain is liable to be permanent?"

This was objected to, as calling for a conclusion, and that the witness had not shown himself competent to testify with regard thereto. The objection was sustained. The accident happened on August 14, 1919, and the trial occurred somewhat less

than four months thereafter, or in December. Plaintiff does not state, either in his petition or evidence, what his business is or was. It appears that in three weeks he returned to his business, at the same wage or salary claimed for in his petition. The petition does not allege that plaintiff would suffer pain in the future, and there is no basis in the evidence for an allowance of loss of time in the future, and any recovery for such loss of time would be speculative. The damages recoverable, if at all, for future pain and suffering or loss of time must be such only as are reasonably certain, and, had the court submitted that question, it would have been required to so say. *Westercamp v. Brooks,* 115 Iowa 159, 163; *Woodworth v. Iowa Cent. R. Co.,* 170 Iowa 697, 716. In the last-named case, it should be noted, however, that the plaintiff had lost both his legs, so that there could be no question as to permanent injury and future damage. It is doubtless true, as contended by appellant, that the permanency of injuries may, in some cases, be inferred from their nature. The only case cited by appellant on this point is a Texas case. None are cited by appellee. In *Shultz v. Griffith,* 103 Iowa 150, the allegation was that plaintiff had become sick, sore, and lame, and suffered great bodily pain and loss of time. We said that these allegations are all in the past tense, and do not, even inferentially, allege or claim damages for future pain or anguish. There were no allegations of permanent injury, future incapacity, etc. In *Meier v. Shrunk,* 79 Iowa 18, it was alleged that plaintiff became sick, sore, and lame, and so continued for a long time, and is not yet fully recovered therefrom, and that, during all of this time, the plaintiff suffered great pain, and was thereby prevented from performing his lawful business; and it was held that, so far as the allegations of the petition were concerned, this was sufficient to sustain an allowance of damages for loss of time, and that the charge that he had not yet recovered was a sufficient claim for future disability, warranting the court in submitting the question. But we assume that there was evidence to sustain the allegation as to loss of time in the future. We think such is not the case here, since, as said, plaintiff, for more than three months, had gone back to work, at whatever his business was, and at the same pay he claims for in his petition. In the instant case, there is no such claim as that plaintiff

was prevented from performing his lawful business. True, he does say, in one sentence, that he had not been able to do the same kind of work, but in another place he says that he returned to the same employment at $25 per week. The appellant asserts, but cites no authority to the proposition, that the question propounded to plaintiff as to what he thought about whether the pain is liable to be permanent, was competent. No foundation was laid.

2. Appellee cites *Stevens v. Campbell,* 6 Iowa 538, *Chamberlain v. City of Des Moines,* 172 Iowa 500, *Robyn v. Van der Weide,* 178 Iowa 608, *Jacobson v. United States Gypsum Co.,* 150 Iowa 333, 337, *Federspeil v. Johnstone,* 87 Mich. 303 (49 N. W. 581), *Archer v. Milwaukee Auto E. & S. Co.,* 144 Wis. 476 (129 N. W. 598), and *Lowenstein v. Lombard,* 2 App. Div. 610 (38 N. Y. Supp. 33), to the point that the court is not bound by the verdict returned by the jury if the same is not in conformity with the instructions, but may correct the verdict. We do not understand appellant to controvert the proposition, for he cites *Hensley v. Davidson Bros. Co.,* 135 Iowa 106, as holding that the right of the court to set aside the verdict on its own motion should rarely be exercised. Appellant's real complaint of the action of the court, as we understand it, is, as before stated, that the jury had the right to construe the instruction to allow other damages. Whether the defendant could complain of the action of the court we do not determine, but we are unable to see that appellant has any complaint, since the jury allowed, and the court sustained, a finding as to the full amount claimed by plaintiff for the items which were covered by the instruction of the court, and of which there was pleading or proof. Appellee raises some questions as to whether appellant is entitled to be heard on these matters, but we shall not prolong the opinion. We reach the conclusion that the judgment of the trial court ought to be, and it is,—*Affirmed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.