WITTER, Respondent, vs. NEEVES and another, Appellants.

*December 22, 1890 — January 13, 1891.*

*Mortgages: Foreclosure: Order directing judgment for deficiency:* Res adjudicata: *Separate action on note.*

A judgment of foreclosure which embraces an order directing judgment for any deficiency, is a bar to an action upon the note secured by the mortgage.

APPEAL from the Circuit Court for *Brown* County.

The case is sufficiently stated in the opinion.

For the appellants there was a brief by *C. W. Briggs,* attorney, and *Stark & Sutherland,* of counsel, and oral argument by *Joshua Stark.*

For the respondent there was a brief by *Geo. L. Williams,* attorney, and *Gardner & Gaynor,* of counsel, and oral argument by *Mr. Williams* and *Mr. Geo. R. Gardner.* They cited 2 Jones, Mortg. secs. 1215, 1223; 4 Kent's Comm. 183, 184, and cases cited; *Lansing v. Goelet,* 9 Cow. 354; *Hughes v. Edwards,* 9 Wheat. 489; *Gilman v. Ill. & Miss. Tel. Co.* 91 U. S. 603; *Draper v. Mann,* 117 Mass. 439; *Ely v. Ely,* 6 Gray, 439; *Morris v. Branchaud,* 52 Wis. 190; secs. 76–81, ch. 84, R. S. 1849; secs. 3154, 3156, R. S. 1878; *Stilwell v. Kellogg,* 14 Wis. 465; *Bonesteel v. Bonesteel,* 28 id. 245; *Bliss v. Weil,* 14 id. 35.

ORTON, J.   The respondent commenced an action to fore-
close the mortgage given to secure a note of $10,000 against
the appellants in August, 1889, and obtained the usual judg-
ment therein in January, 1890.   In October, 1889, the re-
spondent commenced an action at law against the appellants
on said note, and they pleaded the foreclosure judgment in
bar.   The court found that the judgment of foreclosure was
not a bar to this action, and rendered judgment in the ac-
tion on the note.

On this appeal the only question is whether the plea
ought to have been sustained.   We are compelled to answer
that question in the affirmative, and hold that the fore-
closure judgment is a bar to this action.   The question is
not whether, pending the foreclosure action in which no
other relief or remedy is asked than the foreclosure of the
mortgage, an action at law may be brought on the obliga-
tion or debt secured by the mortgage.   It is clear enough
in common reason and by the authorities cited by the
learned counsel of the respondent that in such a case the
action at law may be brought before, at the same time, or
after the foreclosure action.   Such actions would not be
inconsistent with each other.   The causes of action and the
remedies are not the same.   In the foreclosure action the
respondent accepted the advantages of the statute (sec.
3156, R. S.), and in his complaint *united* with his claim for
a foreclosure and sale a demand for judgment for any de-
ficiency which may remain due to him after sale of the
mortgaged premises.   This makes the remedy in the fore-
closure action even broader, fuller, and more complete than
in the action at law.   All the remedy he can possibly have
in the action at law he can have in the foreclosure action.
It is literally uniting in the same action the equitable and
the legal cause of action.   While the respondent was pursu-
ing his legal remedy on the note in the foreclosure action,
he brought this action at law to obtain the same relief.   He

need not have united his demand for a judgment for any deficiency, and then he could have pursued his legal remedy in another action; but he has done so, and must take the consequences. This question depends upon general principles well known, and our own statute and decisions. We can obtain no aid from decisions under a different statute of foreclosure.

· The plea is a former recovery, and, to obtain, there must be a final judgment or order determining the rights of the parties in the action of foreclosure in respect to the *note* as a separate cause of action. "A judgment is the final determination by a court of justice, of the rights of the parties in the action." Sec. 2882, R. S.; *Blaikie v. Griswold*, 10 Wis. 293. "The judgment, decree, sentence, or *order* of a court having jurisdiction is conclusive." *Jackson v. Astor*, 1 Pin. 137. The statute seems to be plain in respect to the nature and effect of the judgment for the deficiency in the foreclosure action. Sec. 3156, R. S., provides — (1) that a judgment for the deficiency may be demanded in the complaint; (2) "such judgment shall be ordered in the original judgment;" (3) "it shall be rendered against the party liable on or after the coming in and confirmation of the report of sale, and be docketed and enforced as in other cases." Sec. 3162 provides: (1) "The judgment shall fix the amount of the mortgage debt then due;" (2) "and shall *adjudge* that the mortgaged premises be sold," "and an order directing that judgment be rendered for any such deficiency." The meaning of this statute is perfectly clear. The court makes a full and final adjudication of everything, even to the order for the entry of the judgment for the deficiency by the clerk on confirmation of the report of sale. The court has nothing further to do than the confirmation of the report of sale. It is a final determination of the court of the rights of the parties. The entry of the judgment for deficiency, and docketing it, is ministerial

and clerical, *pro forma*, and as a matter of course. The judgment is "as in other cases," — that is, in other cases at law. This is the construction of the statute in *Welp v. Gunther*, 48 Wis. 543. This order for judgment, so adjudicated by the court, is analogous to the judgment of strict foreclosure, which provides for the issuing of a writ of assistance in case the defendant refuses to surrender the premises within a reasonable time. The writ issues as of course, on such refusal, and the court acts no further than the order for such writ on such a contingency in the judgment. *Diggle v. Boulden*, 48 Wis. 477. If the order for judgment so to be rendered is a *final* determination of the court, it is as much *res adjudicata* as a formal judgment would be.

In *Ketchum v. Breed*, 54 Wis. 131, it is held that the defendant's liability for any deficiency upon a foreclosure sale having been put in issue by the complaint and answer in the foreclosure suit, and determined against him by the judgment, he cannot have *that question retried in another action*. The chief justice says in the opinion : " That adjudication is conclusive and binding upon him. He cannot in this manner *retry* the question whether he was liable to pay any deficiency arising on a sale of the mortgaged premises or not. The matter is *res adjudicata*." The defendant sought to enjoin the judgment for deficiency. It is just the same in principle as if the plaintiff had brought another action for such deficiency. This case seems to be in point. In *Palmeter v. Carey*, 63 Wis. 426, it became necessary to construe the statute as to the effect of the adjudication of the defendant's liability for the deficiency. It seems to have been contended by the defendant that his liability ought to be determined in an action at law. Mr. Justice Lyon says in the opinion : " The statute is purely remedial. Its purpose is to avoid *circuity of action* by settling in the foreclosure suit all the rights of the parties thereto, *thus avoiding the necessity of another suit*," etc. There is no

way of avoiding the conclusion that this adjudication and order, in and a part of the judgment of foreclosure, of the deficiency, is a final determination of that question, and has the effect of a judgment within the definition of the statute above cited. In the original judgment the court *adjudges* the order, which makes it a part of the judgment. "A judgment in a real or personal action, unreversed, is a *perpetual bar*, and may be pleaded to any *new action* of the same or like nature for the same cause." Bac. Abr. "PLEAS;" *Ferrer's Case*, 6 Coke, 7. The judgment of foreclosure is a bar to this action.

*By the Court.*— The judgment is reversed, and the cause remanded with direction to dismiss the complaint.