HALBACH, Respondent, vs. TRESTER and others, imp., Appellants.

*March 14 — April 4, 1899.*

*Promissory notes: Indorsements: Parol evidence: Foreclosure of mortgages: Deficiency judgment against indorsers.*

1. If there was no fraud in securing the indorsement of a promissory note, parol evidence is inadmissible to show that the indorsers did not intend to bind themselves as such.

2. A *bona fide* purchaser of a promissory note for value before maturity is presumed to have relied upon an indorsement thereon, and the indorsers cannot show the contrary.

3. Under sec. 3156, Stats. 1898 (authorizing a deficiency judgment, in a foreclosure action, "against every party personally liable for the debt secured by the mortgage, whether the mortgagor or other persons, if upon the same contract which the mortgage is given to secure"), the indorsers of a note, whose liability has been duly fixed by demand and notice, may be joined in an action to foreclose the mortgage given by the maker as security, and a deficiency judgment may be rendered against them therein.   *Cottrell v. New London F. Co.* 94 Wis. 176, distinguished.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge.   *Affirmed.*

The mortgage in suit bears date April 13, 1893, and was executed by Anna Black and Frances Trester to the defendants *Henry W., John J.,* and *Adam Trester,* to secure the payment of a note for $1,000, due in five years, with interest at six per cent., payable annually.   On April 17, 1893, the mortgagees duly assigned said mortgage to Christine Webster, and on the back of the note signed their names to the following: "Pay to the order of Christine Webster." On June 9, 1893, this mortgage and note were transferred to plaintiff by assignment and indorsement in proper form. Default having been made thereon, notice of protest and nonpayment was duly given to the indorsers of said note.

This suit was commenced to foreclose the mortgage.  The indorsers of the note were made parties defendant, and judgment against them for any deficiency was demanded.  No appearance was made by any of the defendants, except the mortgagees, who answered, denying that they ever indorsed the note in suit or assured the payment thereof to the plaintiff or any one else, and alleging that if the note bore their signatures the indorsement was made under a mistake of fact and without any intention to guaranty the payment thereof, which fact was well known to the plaintiff, and that he was not a *bona fide* purchaser thereof.

The court made findings in favor of the plaintiff, and directed the entry of the usual judgment of foreclosure and sale, and, in case of a deficiency, that judgment therefor should be entered against the makers and indorsers of the note.   From this judgment so entered the defendants *Henry W., John J.,* and *Adam Trester* appeal.

For the appellants there was a brief by *Gillen & Hughes,* and oral argument by *Simon Gillen.*   To the point that the judgment for deficiency against the indorsers was unauthorized because their contract was not the same contract which the mortgage was given to secure, they cited 2 Pingrey, Mortgages, § 2037; *Bishop v. Douglass,* 25 Wis. 696; *Fond*

Halbach vs. Trester and others.

*du Lac H. Co. v. Haskins,* 51 Wis. 135; *Gaynor v. Blewett,* 86 Wis. 399; *Plankinton v. Hildebrand,* 89 Wis. 209; *Witter v. Neeves,* 78 Wis. 547; *Cottrell v. New London F. Co.* 94 Wis. 176; *Morgan v. South Milwaukee L. V. Co.* 97 Wis. 275; *Richards v. Land & River I. Co.* 99 Wis. 625.

For the respondent there was a brief by *Benfey & Benfey,* and oral argument by *Theodore Benfey.* To the point that the parol evidence tending to alter the contract of indorsement was inadmissible, they cited Jones, Ev. §§ 437, 438, 508, 509; *Martin v. Cole,* 104 U. S. 30; *Cake v. Pottsville Bank,* 116 Pa. St. 264; *S. C.* 2 Am. St. Rep. 600; *Youngberg v. Nelson,* 51 Minn. 172; *Charles v. Denis,* 42 Wis. 56; *Dale v. Gear,* 38 Conn. 15; *S. C.* 9 Am. Rep. 353.

BARDEEN, J.    1. Plaintiff was a purchaser of the note and mortgage in suit before the same became due. At the time he took the note, it had upon the back thereof an indorsement, " Pay to the order of Christine Webster," signed by the defendants. When it was transferred to plaintiff, Mrs. Webster indorsed it blank. Their engagement, in law, was that they would pay this note at maturity, if the maker failed to pay it on demand and they received due notice thereof. *Charles v. Denis,* 42 Wis. 56. It is the same as though the contract had been written in full on the back of the note and they had signed it. The engagement which the law implies is just as sacred and inviolable as though it had been written out in full. This being so, the elementary principle that parol evidence is not admissible to vary or control its legal effect applies. This was so decided in the case before cited, and is sustained by the best judicial thought of the country. There being no claim of fraud in securing the indorsement, the trial court properly rejected the testimony by which it was sought to establish the fact that defendants did not intend to bind themselves as indorsers. The plaintiff, being a *bona fide* purchaser for value before

due, was entitled to his note in its full integrity, and in law is presumed to have relied upon all the security he received. It was therefore incompetent for defendants to show that plaintiff did not rely upon defendants' indorsement.

2. As before suggested, when the defendants indorsed the note they became holden to pay the debt secured by the mortgage, upon the conditions stated. It is in proof that due demand was made and notice of the makers' default duly given. Sec. 3156, Stats. 1898, provides that "in all such actions the plaintiff may in his complaint unite with his claim for a foreclosure and sale a demand for judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises against every party who may be personally liable for the debt secured by the mortgage, whether the mortgagor or other persons, if upon the same contract which the mortgage is given to secure, and judgment of foreclosure and sale, and also for any such deficiency remaining after applying the proceeds of sale to the amount adjudged to be due for principal, interest and costs, may in such cases be rendered." In construing this statute, this court said in *Palmeter v. Carey*, 63 Wis. 426: "The statute does not require that the person held liable in the foreclosure action for a deficiency must be an original contractor of the mortgage debt. Doubtless one may become a party to it after the indebtedness has been incurred by the mortgagor, as if he indorse or guaranty a note secured by mortgage after the execution of the mortgage. We think, in such case, it cannot be successfully maintained that such indorser or guarantor is not within the statute." It was accordingly held that a purchaser of the mortgaged premises from the mortgagor, who, as a part of the purchase price, assumed to pay the mortgage debt, could be held under a judgment for a deficiency. In *Fond du Lac H. Co. v. Haskins*, 51 Wis. 135, the guarantors of a mortgage debt were held liable on a personal judgment for any deficiency after sale of the

mortgaged property. The case of *Cottrell v. New London F. Co.* 94 Wis. 176, has no application to the facts here presented. In that case the contesting defendants were guarantors of the *collection* of the debt secured by the mortgage. Their contract was that they would pay the debt in case it could not, by due diligence, be collected from the mortgagor or made out of the security. Such is not the obligation of the defendants in this action, as before shown. Their engagement was absolute, and subject only to the condition that payment should be demanded and due notice of nonpayment given them. Plaintiff might have maintained an action at law against these defendants upon their indorsement. As stated by Lyon, J., in the *Palmeter Case:* " The statute is purely remedial in its character. Its purpose is to avoid circuity of action, by settling in the foreclosure suit all the rights of all the parties thereto; thus avoiding the necessity of another suit to enforce a contingent liability of one of such parties. ° Ordinarily a court of equity will do this without the aid of a statute, but in this particular case a statutory provision in aid of the general power of the court seems to have been thought necessary, or at least desirable. Such being the character of the statute, it must receive a liberal construction to advance the purposes for which it was enacted." Under a somewhat similar statute in Michigan it was decided that the indorsers of a mortgage note which had been duly protested for nonpayment could be joined as defendants in a suit to foreclose the mortgage, and that a judgment for a deficiency against them was proper. *Michigan State Bank v. Trowbridge*, 92 Mich. 217.

Our conclusion is that the ruling of the trial court on both propositions was correct.

*By the Court.*— The judgment of the circuit court is affirmed.