BANK OF SUN PRAIRIE, Plaintiff-Appellant,

v.

MARSHALL DEVELOPMENT COMPANY, Thomas E. Schoenauer, Kaltenberg Seed Farms, Inc., Badgerland Farm Credit Services, ACA, State of Wisconsin-Department of Workforce Development, and State of Wisconsin-Department of Revenue, Defendants,

John J. GRIMMER, Defendant-Respondent.†

Court of Appeals

*No. 00–1076. Submitted on briefs November 7, 2000.—Decided February 22, 2001.*

2001 WI App 64

(Also reported in 626 N.W.2d 319.)

†Petition to review denied.

356

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Kimberly P. Sebranek* and *Kevin M. Laffey* of *Eustice, Laffey & Shellander, S.C.*, Sun Prairie.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Robert J. Welcenbach* and *Michael J. Widmann* of *Welcenbach & Widmann*, Milwaukee.

A nonparty brief was filed by *John E. Knight* and *James E. Bartzen* of *Boardman, Suhr, Curry & Field LLP*, Madison, for Wisconsin Bankers Association.

Before Vergeront, Roggensack and Deininger, JJ.

¶ 1. VERGERONT, J.   The Bank of Sun Prairie appeals the summary judgment dismissing its action for foreclosure of a mortgage on the ground that the

Bank had previously obtained a deficiency judgment in a foreclosure action on another mortgage securing the same debt. The trial court concluded that under the doctrine of merger, the debt was extinguished when the deficiency judgment was entered, and the Bank's only remedy was to execute on the deficiency judgment. We agree with the Bank that the doctrine of merger does not bar this action, and we also conclude neither Wisconsin case law nor statutory law nor the doctrine of claim preclusion bars this action. We therefore reverse and remand for further proceedings.

## BACKGROUND

¶ 2.  The parties agree the facts are not in dispute. Central States Construction Company executed and delivered to the Bank a note in the amount of $198,000. The president of Central States, Thomas Ludlow, personally guaranteed the debt. The debt was secured by two mortgages: one granted by Central States on real estate located in Sun Prairie, Wisconsin, and one granted by Marshall Development Company on real estate located in Marshall, Wisconsin. After Central States defaulted on the note, the Bank brought an action against Central States and Ludlow, requesting foreclosure of the Sun Prairie mortgage and a deficiency judgment. The court in that action entered a judgment of foreclosure, which provided that if the proceeds of the sale of the Sun Prairie property were insufficient to pay the amount due the Bank under the note, a deficiency judgment was to be entered against Central States and Ludlow. On April 2, 1998, the court entered an order in that action confirming the sheriff's sale and directing a deficiency judgment to be entered against Central States and Ludlow, jointly and severally in the amount of $173,636.41.

¶ 3. The Bank filed this action against Marshall Development on June 9, 1999, alleging the amount due under the judgment against Central States and Ludlow and requesting foreclosure of the Marshall mortgage. The Bank also named as defendants persons with an interest in the Marshall property, including John Grimmer. Grimmer moved for summary judgment, asserting that the note and all mortgages merged into the deficiency judgment and the Bank was thus precluded from foreclosing on the Marshall mortgage. He also asserted the doctrine of claim preclusion barred the Bank from maintaining this action.[1] The court agreed with Grimmer's merger argument and did not reach the issue of claim preclusion. Relying on *Production Credit Ass'n v. Laufenberg*, 143 Wis. 2d 200, 205, 420 N.W.2d 778 (Ct. App. 1988), the court ruled that, by operation of the doctrine of merger, with the entry of the deficiency judgment the note ceased to bind the parties, and the Bank's only recourse was to enforce the deficiency judgment. The court concluded: "[t]o permit the Bank to foreclose on the second mortgage in addition to collecting on the deficiency judgment would result in a windfall to the plaintiff and allow the Bank to foreclose on a mortgage that secures a debt that no longer exists."

---

[1] The motion used the term "res judicata," which is also the term used by the trial court and by Grimmer in his brief on appeal. However, since "res judicata" is now known as "claim preclusion" in Wisconsin, we use the latter term. *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 232 n.25, 601 N.W.2d 627 (1999).

## DISCUSSION

¶ 4. The Bank[2] argues on appeal that the trial court erred in applying the doctrine of merger to bar this action. It also argues the alternative grounds asserted by Grimmer to support the summary judgment—WIS. STAT. §§ 846.10 and 846.101 (1999–2000)[3] as construed in *Glover v. Marine Bank*, 117 Wis. 2d 684, 693–94, 345 N.W.2d 449 (1984), and the doctrine of claim preclusion—do not bar this action.[4]

¶ 5. When we review a summary judgment we apply the same methodology as the trial court, and our review is de novo. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). The remedy is appropriate in cases where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Germanotta v. National Indem. Co.*, 119 Wis. 2d 293, 296, 349 N.W.2d 733 (Ct. App. 1984).

*Merger*

¶ 6. The general statement of the merger doctrine, which we adopted from RESTATEMENT (SECOND) OF JUDGMENTS § 18 (1982) in *Waukesha Concrete Prods. v.*

---

[2] The Wisconsin Bankers Association has filed a brief as amicus curiae, also requesting that we reverse the trial court.

[3] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[4] Because we may affirm a trial court's decision on a different legal basis than that relied on by the trial court, *see State v. Patricia A.M.*, 176 Wis. 2d 542, 549, 500 N.W.2d 289 (1993), we examine all the grounds asserted by Grimmer, even though the trial court ruled only on merger.

*Capitol Indem. Corp.*, 127 Wis. 2d 332, 343–44, 379 N.W.2d 333 (Ct. App. 1985), is:

> When a valid and final personal judgment is rendered in favor of the plaintiff:
>
> (1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment; and
>
> (2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action.

¶ 7.  In *Production Credit*, we applied this doctrine to preclude recovery of costs and attorney fees under a contract provision after a judgment was entered on the claim for breach of that contract, and the judgment did not include costs and attorney fees as provided in the contract. *Production Credit*, 143 Wis. 2d at 205–06. We described the doctrine of merger as "a common law principle that is generally applied throughout state and federal forums in a consistent manner." *Id.* at 205. In *Waukesha Concrete*, we applied the doctrine to preclude recovery of the contractual rate of interest (rather than the statutory rate of 12% on judgments), concluding that, upon the entry of the judgment on the claim for breach of contract, the claim for interest under the contract was extinguished. *Waukesha Concrete*, 127 Wis. 2d at 343–44.

¶ 8.  Our reasoning in *Production Credit* and *Waukesha Concrete* instructs that, with the entry of the deficiency judgment in the Bank's first action, the Bank's claim on the note merged with that judgment, thereby precluding the Bank from bringing another action to recover on the note. However, neither the

general statement of the merger doctrine we adopted in *Waukesha Concrete*, nor the application of it in either that case or *Production Credit*, is a basis for concluding the deficiency judgment in the Bank's first action precludes a later lawsuit to foreclose on a mortgage securing the same debt, when that mortgage was not the subject of foreclosure in the first action. Indeed, RESTATEMENT (SECOND) OF JUDGMENTS § 18 cmt. g, illus. 10 (1982) specifically provides otherwise:

> *Incidents of claim preserved.* When by reason of the plaintiff's obtaining judgment upon a claim the original claim is extinguished and rights arise upon the judgment, advantages to which the plaintiff was entitled with respect to the original claim may still be preserved despite the judgment. *Thus if a creditor has a lien upon property of the debtor and obtains a judgment against him, the creditor does not thereby lose the benefit of the lien.*

(Emphasis added.)

¶ 9. As courts in other jurisdictions that have followed RESTATEMENT cmt. g explain,

> [t]he doctrine of merger is an aspect of res judicata[5] which prevents relitigation of existing judgments . . . [and] serves to prevent the splitting of causes of action. . . . [However] [m]erger does not discharge the debt for all purposes. The judgment only

---

[5] In RESTATEMENT (SECOND) OF JUDGMENTS, the term "res judicata" is used in a broad sense to include three concepts: "merger—the extinguishment of a claim in a judgment for plaintiff; bar—the extinguishment of a claim in a judgment for defendant; and issue preclusion—the effect of the determination of an issue in another action between the parties on the same claim . . . or a different claim. . . ." RESTATEMENT ch. 3, intro. note (1982).

changes the form of the action for recovery. The creditor retains the right to enforce a lien or gain possession of property held as collateral for the debt.

*Brenton State Bank v. Tiffany*, 440 N.W.2d 583, 585 (Iowa 1989) (footnote added) (citations omitted). *See also Albrecht v. Zwaanshoek Holding En Financiering*, 816 P.2d 808, 811 (Wyo. 1991).

¶ 10.   Allowing an action to foreclose on a mortgage securing a debt that has been reduced to a judgment is the general rule:

> **Independent action as bar to foreclosure.** Except as affected by statute in a few states and subject to the conflict of authority as respects the effect of an execution or an attachment upon the mortgaged property by the judgment creditor or a sale thereunder, the cases are uniform in holding that until the mortgage debt is actually satisfied, the recovery of a judgment on the obligation secured by a mortgage, without the foreclosure of the mortgage, although merging the debt in the judgment, has no effect upon the mortgage or its lien, does not merge it, and does not preclude its foreclosure in a subsequent suit instituted for that purpose, or the exercise of the power of sale contained in the mortgage or deed of trust—the conclusion often reached in such cases being that the debt is not destroyed by the merger and that the mortgage secures the debt in its new form as merged in the judgment.

55 AM. JUR. 2D § 524 (1996) (footnotes omitted). *Accord* 50 C.J.S. § 773(c) (1997) (in absence of statute to contrary, it is generally held that an unsatisfied judgment on a debt or a note evidencing it, is no bar to an action to enforce mortgage or other lien given as security for such debt).

¶ 11.  Grimmer contends, however, that Wisconsin case law addressing the relationship between deficiency judgments and actions for foreclosure of mortgages require that we apply the doctrine of merger in this case. Our examination of the cases Grimmer relies on persuades us they neither require nor provide support for that result.

■■■■

¶ 12.  In Wisconsin, the cause of action on a note evidencing an indebtedness and the cause of action to foreclose the mortgage on real estate that secures the indebtedness are distinct. *Witter v. Neeves*, 78 Wis. 547, 548, 47 N.W. 938 (1891). At common law these remedies had to be pursued separately; they could be brought at the same time, or either one could be brought before the other. *Id.* Since 1862, Wisconsin has had a statute authorizing the plaintiff in a foreclosure action to obtain a judgment for deficiency against the defendants who are personally liable on the note. *Glover*, 117 Wis. 2d at 693–94. That statute, now numbered WIS. STAT. § 846.04(1), permits but does not require a plaintiff in a foreclosure action to "demand judgment for any deficiency that may remain due the plaintiff after sale of the mortgaged premises against every party who is personally liable for the debt secured by the mortgage."

¶ 13.  Because a creditor in Wisconsin is not required by statute to combine the action on a note with the action to foreclose, we do not agree with Grimmer that Wisconsin is a "one action" state. The "one action" states are the few states that do not follow the general rule embodied in RESTATEMENT cmt. g. *See Kepler v. Slade*, 896 P.2d 482, 485 (N.M. 1995). *See also In re Sunnymead Shopping Ctr. Co.*, 178 B.R. 809, 815

(9th Cir. 1995) (discussing California's "one-action" statute).

¶ 14. Grimmer relies on *Witter v. Neeves*, 78 Wis. 547, 47 N.W. 938 (1891), for the proposition that "when a creditor pursues an action upon a note to a deficiency judgment without bringing a concurrent foreclosure action, that creditor has no further remedy in another action." However, this is not the holding in *Witter*. In *Witter*, the creditor had previously brought an action for foreclosure under the predecessor to WIS. STAT. § 846.04(1); the court characterized that prior action as uniting in one action the action at law on the note and the action in equity to foreclose the mortgage. *Witter*, 78 Wis. at 548. The creditor then brought an action at law on the note. The court concluded the second action on the note was precluded because the judgment in the first action (fixing the amount of debt due, ordering a sale of the mortgaged property, and directing that judgment be entered for any deficiency) had fully and finally adjudicated the rights of the parties under the note. *Id.* at 549. The court rejected the argument that the fact that a deficiency judgment had not yet been entered required a different result, finding the entry of a deficiency judgment to be merely a ministerial act. *Id.* at 549–50.

¶ 15. Although using the term "res adjudicata," the reasoning and result in *Witter* is consistent with the doctrine of merger: the *Witter* court barred a subsequent action on the note when the debt due under the note had already been reduced to a judgment in the form of an order for a deficiency judgment after a sale. *Witter*, like *Production Credit* and *Waukesha Concrete*, would prevent the Bank from bringing an action on the note, since the Bank has already obtained a deficiency judgment. But the Bank is not doing that.

¶ 16.  *Roseliep v. Herro*, 206 Wis. 256, 262, 239 N.W. 413 (1931), on which Grimmer relies to reinforce his reading of *Witter*, makes clear Grimmer is overlooking the significance of the nature of the second action:

> The only exception to both proceeding at common law on the note and also foreclosing the mortgage is that found in *Witter v. Neeves, supra*, wherein it was held that after judgment of foreclosure has been entered which provides for a deficiency judgment, *no action on the note may thereafter be brought.*

(Emphasis added.)

¶ 17.  In *Roseliep*, the court held that a judgment on a note given to a mechanic's lien claimant did not prevent the lien claimant from bringing a subsequent action to foreclose on the lien. *Id.* at 263. This holding, rather than supporting the application of merger in this case, is consistent with the view expressed in RESTATEMENT cmt. g: the fact that the debt due under the note has merged with the judgment on the note does *not* prevent an action to foreclose on the lien.

¶ 18.  As additional support for his merger argument, Grimmer relies on the line of cases that emphasize the relationship between a debt secured by a mortgage and the mortgage. For example, *Doyon & Rayne Lumber Co. v. Nichols*, 196 Wis. 387, 390, 220 N.W. 181 (1928), holds since there can be no mortgage without a debt, and since the mortgage in that case did not secure any debt at the time the mortgage was given, the mortgage was not a valid lien on the property on that date. We find nothing in the holding or reasoning of this or other similar cases to suggest a valid mortgage no longer exists solely because the debt the mortgage secures has been reduced to a judgment.

¶ 19. The cases Grimmer cites that concern the finality of a judgment of foreclosure for purposes of appeal also do not support his merger argument. In *Anchor Savings & Loan Ass'n v. Coyle*, 145 Wis. 2d 375, 380, 427 N.W.2d 383 (Ct. App. 1988), *overruled on other grounds*, 148 Wis. 2d 94, 435 N.W.2d 727 (1989), we held that an order in a foreclosure action confirming a sheriff sale is a final order for purposes of appeal under WIS. STAT. § 808.03(1), even though the order contemplated the entry of a deficiency judgment. In reaching this conclusion, we referred to cases holding that the order for a deficiency judgment in the judgment of foreclosure "is a final adjudication of the defendant's liability for the debt," *id.* at 386 (quoting *Kane v. Williams*, 99 Wis. 65, 72, 74 N.W. 570 (1898)), and the entry of the deficiency judgment is merely a ministerial act, which is not itself a final judgment for purposes of appeal, *id.* at 386. In the situation before us, there is no question the judgment in the first action was a final adjudication of the personal liability of Ludlow and Central States on the note. Rather, the question here is whether that judgment precludes the Bank from seeking foreclosure on a different mortgage on different property that secures the same debt, and *Anchor Savings* has no bearing on this question.

¶ 20. We are satisfied no Wisconsin case has applied the merger doctrine to bar an action to foreclose on security for a debt because a judgment has been entered on the note promising to repay the debt. We are also satisfied RESTATEMENT cmt. g is consistent with Wisconsin case law recognizing that the cause of action for a judgment on a note promising to repay a debt and a cause of action to foreclose a lien that

secures the debt are distinct, and permits the latter to proceed separately and subsequently to the former. *Roseliep*, 206 Wis. at 261–62. We therefore conclude the doctrine of merger does not bar the Bank's action to foreclose on the Marshall mortgage solely because the Bank has already obtained a deficiency judgment.

¶ 21. We do not agree with Grimmer that the principle underlying RESTATEMENT cmt. g does not apply here because the Bank has already foreclosed on one mortgage. With respect to the merger doctrine, the inquiry is what cause of action has merged with the deficiency judgment. Properly articulated, Grimmer's objection to an action for mortgage foreclosure, after there is already a foreclosure judgment on another mortgage securing the same debt and a deficiency judgment, has a basis, if at all, in either a statutory bar or claim preclusion. We examine these in turn.

*Statutory Bar*

¶ 22. Grimmer contends that WIS. STAT. §§ 846.10 and 846.101 and *Glover*, which interprets these statutes, prevent a creditor from relying on remaining mortgages once it obtains a deficiency judgment in an action to foreclose on another mortgage securing the same debt. We conclude neither the holding nor the reasoning in *Glover* supports this result, nor does any applicable statute.

¶ 23. In *Glover*, as in this case, several mortgages secured the same debt.[6] The creditor proceeded under

---

[6] In *Glover v. Marine Bank*, 117 Wis. 2d 684, 345 N.W.2d 449 (1984), there were two notes, rather than one as in this action, with mortgages on four parcels of real estate securing the debt due under one of the notes, and a mortgage on a fifth parcel securing the debt due under both notes.

WIS. STAT. § 846.101[7] to foreclose on three of the five mortgages and obtained a judgment of foreclosure and sale that stated the amount due on the notes and waived a deficiency judgment. The sale was confirmed, but the price obtained was less than the amount due on the notes. The individual debtors[8] brought suit requesting that both notes be declared paid in full and

---

[7] The statute in effect at the relevant time was WIS. STAT. § 816.101, subsequently renumbered to WIS. STAT. § 846.101. We will refer to the statute with its current number. Section 846.101 provides in part:

(1) If the mortgagor has agreed in writing at the time of the execution of the mortgage to the provisions of this section, and the foreclosure action involves a one- to 4-family residence that is owner-occupied at the commencement of the action, a farm, a church or a tax-exempt charitable organization, the plaintiff in a foreclosure action of a mortgage on real estate of 20 acres or less, which mortgage is recorded subsequent to January 22, 1960, may elect by express allegation in the complaint to waive judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises against every party who is personally liable for the debt secured by the mortgage, and to consent that the mortgagor, unless he or she abandons the property, may remain in possession of the mortgaged property and be entitled to all rents, issues and profits therefrom to the date of confirmation of the sale by the court.

(2) When plaintiff so elects, judgment shall be entered as provided in this chapter, except that no judgment for deficiency may be ordered therein nor separately rendered against any party who is personally liable for the debt secured by the mortgage and the sale of such mortgaged premises shall be made upon the expiration of 6 months from the date when such judgment is entered.

In contrast to § 846.101, WIS. STAT. § 846.10 provides for a sale twelve months from the date of the entry of judgment for the same properties covered in· § 846.101 and provides for a deficiency judgment against those personally liable. *See* § 846.10(1) and (2).

[8] The two individuals were makers of one note and guarantors of the second note. *Glover*, 117 Wis. 2d at 688–89.

the two mortgages not the subject of the foreclosure action to be discharged. They contended that, because the creditor had waived a deficiency judgment, the confirmed sale had the effect of satisfying the debt; since there could be no mortgage when there was no debt, they argued that the two remaining mortgages were "extinguished." The creditor objected, contending that, by electing to proceed under § 846.101 on the foreclosure of the three mortgages, it waived only the right to maintain an action for a deficiency on the notes, and still retained the right to realize upon the security by foreclosing on the two remaining mortgages, as long as no action for a deficiency judgment was brought.

¶ 24. The court agreed with the creditor. It rejected the debtors' argument, holding that "a waiver of personal deficiency does not imply waiving the right to make further applications of the remaining security toward the debt. The [creditor] is entitled to foreclosure on the remaining mortgages securing the debt, since the primary obligation for the debt still exists until all the security has been applied toward it." *Glover*, 117 Wis. 2d at 697. This conclusion, the court stated, was consistent with recognizing the separate and distinct elements of the action to apply the security toward the debt and the remedy at law for personal liability for the debt—a distinction that still existed even though both were now available in one action. *Id.* The court also observed the debtor's waiver argument was an unreasonable reading of WIS. STAT. § 846.101 because it deprives the creditor of the security on which it initially agreed to extend the loan and provides a windfall to the mortgagor. *Glover*, 117 Wis. 2d at 699.

¶ 25. In explaining why the creditor could not seek a deficiency if the sale of the two remaining properties were not sufficient to satisfy the indebted-

ness, the court relied on the purpose of WIS. STAT. § 846.101. The legislature intended, the court stated, that the statute provide a simplified alternative, allowing the mortgagee the benefit of a shortened period of redemption while protecting the mortgagor by a waiver of deficiency judgment. *Glover*, 117 Wis. 2d at 694–95, 699. The court found this intent best carried out by not allowing the creditor to obtain a shortened redemption period by waiving the deficiency as to some mortgages and then attempting to obtain a deficiency judgment when foreclosing the mortgages on other properties. *Id.* In effect, the *Glover* court treated the election of a waiver of a deficiency judgment in the first foreclosure action as a continuing waiver of a deficiency judgment against those same mortgagors in any later action to foreclose on other mortgages securing the same debt.

¶ 26.   The *Glover* court's concern with maintaining the balance embodied in WIS. STAT. § 846.101, when there is more than one mortgage securing the same debt foreclosed in successive actions, is not present in this case. First and foremost, the persons against whom the Bank obtained the deficiency judgment, Ludlow and Central States, are not the mortgagors of the property being foreclosed in this action. Therefore, their interest in being able to have either the advantage of a longer period to redeem their property or the advantage of no judgment of personal liability for a deficiency—the interests the *Glover* court identified as the foundation for its interpretation of § 846.101—is not implicated in this case.

¶ 27.   Second, the Bank did not take advantage of a shorter period of redemption in the first action by an election to waive the deficiency judgment. In the first action, the Bank invoked WIS. STAT. § 846.102, which

provides that a sale may take place two months from entry of the judgment of foreclosure upon a finding by the court that the property has been abandoned. There is no provision in § 846.102 regarding the waiver of a deficiency judgment, and the Bank asked for a deficiency judgment in the first action. The court in the first action found the property was abandoned and therefore set the date of sale two months from the entry of judgment. There is no indication in the language of § 846.102 that the legislature intended to address the same concerns the *Glover* court found the legislature intended to address in WIS. STAT. § 846.101, and Grimmer does not develop an argument to this effect.

¶ 28. Third, in this action the Bank does not invoke the six-month period of redemption under WIS. STAT. § 846.101 that is permissible only if there is an election to waive the deficiency judgment. Rather, the Bank asserts, the Marshall property is a commercial property, as was the Sun Prairie property, and it is proceeding under WIS. STAT. § 846.103(1).[9] Section

---

[9] WISCONSIN STAT. § 846.103 provides in part:

Foreclosures of commercial properties and multifamily residences. (1) No foreclosure sale involving real property other than a one- to 4-family residence that is owner-occupied at the commencement of the foreclosure action, a farm, a church or a tax-exempt nonprofit charitable organization may be held until the expiration of 6 months from the date when judgment is entered except a sale under sub. (2).

(2) If the mortgagor of real property other than a one- to 4-family residence that is owner-occupied at the commencement of the foreclosure action, a farm, a church or a tax-exempt nonprofit charitable organization has agreed in writing at the time of the execution of the mortgage to the provisions of this section, the plaintiff in a foreclosure action of a mortgage, which mortgage is recorded subsequent to May 12, 1978, may elect by express allegation in the complaint to waive judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises against every party who is personally liable for the debt

846.103 governs foreclosures of commercial properties and multi-family residences and contains the same tradeoff as does § 846.101 and WIS. STAT. § 846.10, although with proportionately shorter time periods: section 846.103(1) provides for a six-month period of redemption, which is shortened to three months in subsec. (2) if the creditor elects to waive the deficiency judgment.[10] Therefore, even if we assume for purpose of argument that the Bank should not have the advantage of any period of redemption conditioned upon a waiver of a deficiency because it did not have to waive the deficiency judgment in order to obtain the two-month period of redemption under WIS. STAT. § 846.102 in the first action, the Bank is not asking for that: it is not requesting the shorter three-month redemption period in § 846.103(2) that is dependent upon the

secured by the mortgage, and to consent that the mortgagor, unless he or she abandons the property, may remain in possession of the mortgaged property and be entitled to all rents, issues and profits therefrom to the date of confirmation of the sale by the court. When the plaintiff so elects, judgment shall be entered as provided in this chapter, except that no judgment for deficiency may be ordered nor separately rendered against any party who is personally liable for the debt secured by the mortgage and the sale of the mortgaged premises shall be made upon the expiration of 3 months from the date when such judgment is entered.

[10] Since the Bank makes this argument in reply to Grimmer's argument that WIS. STAT. § 846.101, as construed by the court in *Glover*, does not permit this action, we do not have a reply from Grimmer to this assertion. We note the complaint asks for a sale within six months of the judgment without specifying the statute. However, in his counterclaim, Grimmer requests "[j]udgment of foreclosure and sale of the mortgaged real estate as provided by Section 846.103(1) of the Wisconsin Statutes which requires a six (6) month period of redemption." Therefore, it is undisputed on this record that the Bank is proceeding under WIS. STAT. § 846.103 rather than § 846.101.

waiver of deficiency, but instead it is requesting the longer six-month period in § 846.103(1).

¶ 29. *Glover* does not support Grimmer's assertion that "[b]y obtaining a deficiency judgment, [the Bank] represented that all of the security pledged as collateral for the note had been exhausted and that, after exhausting all of the collateral, a deficiency remained," and there is no statutory basis for inferring such a representation. Nor does *Glover* support Grimmer's position that all mortgages relating to one debt must be foreclosed in one action before a deficiency judgment is obtained. That may be a desirable procedure, as Grimmer contends, but the legislature has not chosen to require that.[11]

¶ 30. Finally, Grimmer contends the Bank will obtain a windfall by being able to foreclose on all the mortgages securing the debt until the deficiency judgment is satisfied. We do not agree. In no event will the Bank recover more than the amount previously found to be due on the note. Indeed, as the court in *Glover* recognized, it is a windfall to the mortgagor if the creditor cannot foreclose on a mortgage even though the debt which that mortgage secures has not been fully satisfied. *Glover*, 117 Wis. 2d at 697. It is for this very reason that equitable considerations support *not* applying the merger doctrine to preclude relying on the security for a debt. *See Brenton State Bank*, 440 N.W.2d at 585–86.

¶ 31. We conclude *Glover* does not support Grimmer's argument that WIS. STAT. §§ 846.10 and 846.101,

---

[11] This is in contrast to states which have enacted "security first" statutes, which require the creditor to exhaust all security before obtaining a deficiency judgment. *See, e.g., In re Sunnymead Shopping Ctr. Co.*, 178 B.R. 809, 815 (9th Cir. 1995) (discussing California statute).

or any other applicable statutes, prevent the Bank from foreclosing on this mortgage because it obtained a deficiency judgment in a prior action foreclosing on a different mortgage securing the same debt.[12]

*Claim Preclusion*

■

¶ 32.   Grimmer argues in general terms that claim preclusion bars this action, but does not distinguish between claim preclusion and merger. The doctrine of claim preclusion provides that a final judgment on the merits bars parties from relitigating any claim that arises out of the same relevant facts, transactions, or occurrences. *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 233, 601 N.W.2d 627 (1999). Ordinarily a judgment is conclusive in all subsequent actions as to all matters which were litigated or might have been litigated in the former action when these three factors are present: (1) identity between the parties or their privies in the prior and present suits, (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction, and (3) identity of the causes of actions in the two suits. *Id.* at 233–34.

■

¶ 33.   The parties in this action—Marshall Development Company, Grimmer, and others who are

---

[12] To the extent Grimmer is arguing that *Glover*, 117 Wis. 2d at 693–94, supports his merger argument—that the debt the Marshall mortgage secures was extinguished by the deficiency judgment even though the judgment has not been satisfied—we disagree. The reasoning of the *Glover* court that the creditor could not obtain a deficiency judgment in the action to foreclose on the remaining mortgages is based not on the doctrine of merger, but on the court's construction of WIS. STAT. §§ 846.101 and 846.10, as we have explained.

alleged to have an interest in the Marshall property—were not parties in the first action, and none of the parties in that action are parties in this action. The cause of action in this case is foreclosure of the Marshall mortgage, and the cause of action in the first case was foreclosure of the Sun Prairie mortgage combined with an action on the note. The cause of action to foreclose the Marshall mortgage is distinct from the cause of action to foreclose the Sun Prairie mortgage: the fact that they secure the same debt does not create an identity of the cause of action. And, for the reasons we have already discussed, the cause of action on the note is distinct from an action to foreclose a mortgage securing the debt. Accordingly, the doctrine of claim preclusion does not bar this action.

## CONCLUSION

¶ 34.  In summary, we conclude the doctrine of merger does not bar this action because the Bank's cause of action to foreclose the Marshall mortgage has not "merged" with the deficiency judgment against Central States and Ludlow. Second, *Glover* does not suggest, and no statute provides, that a creditor may not foreclose on a mortgage because the creditor has, in a prior action, obtained a judgment of foreclosure on another mortgage securing the same debt and a deficiency judgment. Third, the doctrine of claim preclusion does not bar this suit because the defendants in this suit were not parties to the first suit and the cause of action to foreclose the Marshall mortgage is distinct from the causes of action in the first suit. Therefore, we conclude the trial court erred in dismissing the complaint, and we reverse.

376

*By the Court.*—Judgment reversed and cause remanded.