BANK MUTUAL f/k/a First Northern Savings Bank,
Plaintiff-Respondent,†

v.

S.J. BOYER CONSTRUCTION, INC., Steven J. Boyer and
Marcy A. Boyer, Defendants-Appellants,

PIONEER CREDIT UNION, Defendant.

Court of Appeals

*No. 2008AP912. Submitted on briefs October 14, 2008.
—Decided December 23, 2008.*

2009 WI App 14

(Also reported in 762 N.W.2d 826.)

† Petition to review granted 4/14/09.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Philip J. Danen* of *Roels, Keidatz, Fronsee & Danen, LLP*, De Pere.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Roy L. Prange, Jr.*, of *Quarles & Brady LLP*, Madison.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Steven and Marcy Boyer appeal an order denying their motions for relief from judgments rendered against them in a foreclosure action. The Boyers were guarantors of debts owed by S.J. Boyer Construction, Inc., to Bank Mutual.[1] The guaranteed debts were secured by mortgages on the foreclosed-upon properties. The Boyers contend Bank Mutual was prohibited from obtaining judgments against the Boyers for the full amounts of the debts because Bank Mutual elected a shortened redemption under WIS. STAT. § 846.103(2).[2] We agree and reverse the order. We remand for the court to reconsider the Boyers' motions in light of our decision.

---

[1] Bank Mutual is a successor in interest to First Northern Savings Bank. While some of the debts here originated with First Northern, we refer to both in this opinion as simply Bank Mutual.

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

## BACKGROUND

¶ 2. In 2003 and 2004, in conjunction with loans made by Bank Mutual to Boyer Construction, Boyer Construction executed five business notes to Bank Mutual totaling over $1,100,000. Each business note was secured by seven Bank Mutual mortgages, with Boyer Construction being the mortgagor for each. Boyer Construction's obligations to Bank Mutual were guaranteed by Steven and Marcy Boyer through a "Continuing Guaranty (unlimited)" dated February 1, 2000. Under the guaranty, the Boyers guaranteed payment of Boyer Construction's obligations to Bank Mutual. The guaranty specified that Bank Mutual was not required to pursue Boyer Construction or any collateral before enforcing the guaranty against the Boyers.

¶ 3. Boyer Construction defaulted on the notes, and Bank Mutual commenced this action against Boyer Construction and the Boyers. The complaint pled five claims for foreclosure, one for each of the business notes, and waived any deficiency against Boyer Construction. In a sixth claim, based on the guaranty, Bank Mutual sought judgment against the Boyers for the amounts due under the notes. Boyer Construction and Steven Boyer answered the complaint, admitting most of the complaint's allegations, but denying others. Their denials appear to relate primarily to the amount owed. Marcy Boyer did not file an answer.

¶ 4. Bank Mutual moved for summary judgment against Boyer Construction and Steven Boyer. Neither Boyer Construction nor Steven Boyer opposed the motion for summary judgment. Bank Mutual also moved for a default judgment against Marcy Boyer. On May 31, 2007, the court granted both motions. The court's findings of fact and conclusions of law stated the total

amount due from the defendants was $1,436,457.85, excluding attorney fees and expenses. Separate judgments for that amount were entered against Steven and Marcy Boyer. A foreclosure judgment was also entered. On September 19, 2007, the mortgaged real estate was sold at a sheriff's sale. Bank Mutual was the only bidder and purchased all the mortgaged property for $1,180,000.

¶ 5. Boyer Construction and Steven Boyer objected to the order for confirmation of sale because it did not preclude a judgment for the deficiency against Steven and Marcy Boyer. Boyer Construction, Steven Boyer, and Marcy Boyer also moved for relief from the judgments under multiple subsections of WIS. STAT. § 806.07. They relied on WIS. STAT. § 846.103(2), which provides that when a plaintiff elects a shorter redemption period when foreclosing on certain types of real estate, generally commercial real estate, the plaintiff must waive judgment for any deficiency against "every party who is personally liable for the debt secured by the mortgage" and no judgment for a deficiency can be rendered against a party personally liable.

¶ 6. The circuit court overruled the objection to the confirmation of sale, concluding the deficiency issue should have been raised previously as objections to the findings of fact, conclusions of law, and judgments. The court also concluded WIS. STAT. § 846.103(2) did not prohibit judgment against Steven Boyer because the guaranty was a separate contract. For the same reasons, the court also denied Boyer Construction and Steven Boyer's motion for relief from the judgment. Subsequently, the court also denied Marcy Boyer's motion for relief from the judgment, based on its

271

conclusion that the guaranty was a separate contract.[3] An order denying the motions for relief from the judgments was entered February 26, 2008, which is the order being appealed.

## DISCUSSION

¶ 7. Whether to grant relief from a judgment under WIS. STAT. § 806.07 is a discretionary determination for the circuit court. *See State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 541, 363 N.W.2d 419 (1985). We will affirm a court's exercise of discretion if the court examined the relevant facts, applied a proper standard of law, and used a demonstrated rational process to reach a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982).

¶ 8. The question here is whether the court applied a proper standard of law when concluding that Bank Mutual, when obtaining a shorter redemption period under WIS. STAT. § 846.103(2), could obtain a judgment for a deficiency against the Boyers as guarantors of the notes secured by the mortgages. The construction of a statute and its application to a specific set of facts is a question of law we review de novo. *Pritchard v. Madison Metro. Sch. Dist.*, 2001 WI App 62, ¶ 7, 242 Wis. 2d 301, 625 N.W.2d 613.

---

[3] Marcy Boyer's motion was considered separately because there were issues regarding service of process and whether her failure to answer was due to excusable neglect. For the purposes of Marcy Boyer's motion, Bank Mutual conceded excusable neglect, so the court focused on whether she had a meritorious defense and decided her motion based on its conclusion about the guaranty.

¶ 9. Statutory construction begins with the language of the statute. *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language is given its common, ordinary, and accepted meaning, except technical or specially defined words or phrases are given their technical or specially defined meaning. *Id.* We interpret the language in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and we interpret it reasonably to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48. If a statute's language is ambiguous, we may resort to extrinsic sources, such as legislative history, to determine the statute's meaning. *Id.*, ¶¶ 50–51.

¶ 10. In the context of a foreclosure action, a deficiency is: "The amount still owed when the property secured by a mortgage is sold at a foreclosure sale for less than the outstanding debt; esp., the shortfall between the proceeds from a foreclosure sale and an amount consisting of the principal debt plus interest plus the foreclosure costs." BLACK'S LAW DICTIONARY 455 (8th ed. 2004). The judgments rendered by the circuit court against the Boyers were for the full amount of the debts secured by the mortgages; they were not limited to the amount realized at the sheriff's sale, but also included the deficiency.

¶ 11. Generally, a judgment for any deficiency may be sought against "every party who is personally liable for the debt secured by the mortgage." WIS. STAT.

§ 846.04. However, here, Bank Mutual obtained a shortened redemption period under Wis. Stat. § 846.103(2):

> If the mortgagor of real property other than a one-to 4–family residence that is owner-occupied at the commencement of the foreclosure action, a farm, a church or a tax-exempt nonprofit charitable organization has agreed in writing at the time of the execution of the mortgage to the provisions of this section, the plaintiff in a foreclosure action of a mortgage . . . may elect by express allegation in the complaint to waive judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises against every party who is personally liable for the debt secured by the mortgage . . . . When the plaintiff so elects, judgment shall be entered as provided in this chapter, except that no judgment for deficiency may be ordered nor separately rendered against any party who is personally liable for the debt secured by the mortgage and the sale of the mortgaged premises shall be made upon the expiration of 3 months from the date when such judgment is entered.

Pursuant to this statute, Bank Mutual was able to reduce the mortgagor's redemption period from six months to three months, thereby expediting the foreclosure process. *See* Wis. Stat. §§ 846.13 and 846.103(1)-(2). In exchange, Bank Mutual was required to forego judgment for a deficiency against any parties "personally liable for the debt secured by the mortgage." *See* Wis. Stat. § 846.103(2).

¶ 12. The phrase "personally liable for the debt secured by the mortgage" is not separately defined in the foreclosure statutes.[4] However, we note that noth-

---

[4] We note the context of the phrase "personally liable for the debt secured by the mortgage" within the foreclosure statutes. *See State ex rel. Kalal v. Circuit Court,* 2004 WI 58, ¶ 46, 271

ing in the plain language of the phrase categorically excludes guarantors of a debt from being personally liable. It seems logical that whether guarantors are personally liable for the debt secured by the mortgage depends on whether the guaranty makes them personally liable for that debt. Thus, we turn our analysis to the guaranty.

 

¶ 13. Generally, a "guaranty agreement is collateral to the principal contract, and the guarantor's liability is secondary to that of the principal debtor." 38 Am. Jur. 2d *Guaranty* § 70 (1999).

> However, if the guaranty is absolute or unconditional, such as a guaranty of payment of a promissory note, the guarantor becomes a debtor to the party guaranteed (creditor or obligee) and primarily liable when the principal obligation has matured and is not performed. If the guaranty is conditional, the guarantor may not be held liable until the conditions have been met.

*Id.* (footnotes omitted). Thus, a guaranty of payment may be enforced against the guarantor without pro-

---

Wis. 2d 633, 681 N.W.2d 110. It defines both the class of persons against whom a judgment for a deficiency can be sought, *see* Wis. Stat. § 846.04, and the class against whom a deficiency must be waived in order to obtain a shorter redemption period. *See, e.g.,* Wis. Stat. § 846.103(2). However, it is not the same as the class of person who may redeem the property, which is "the mortgagor, the mortgagor's heirs, personal representatives or assigns." *See Zehetner v. Chrysler Fin. Co.,* 2004 WI App 80, ¶ 20, 272 Wis. 2d 628, 679 N.W.2d 919 (when the legislature uses different terms, we presume it purposefully intended each to have a distinct meaning). Thus, the exchange of a shorter redemption period for waiving a deficiency is not symmetrical, as the class of person who may redeem the property is different from the class against whom a deficiency must be waived.

ceeding first against the original debtors or the collateral because the guarantors are "liable as principals." *First Wis. Nat'l Bank v. Kramer*, 74 Wis. 2d 207, 212, 246 N.W.2d 536 (1976). By contrast, a conditional "guaranty of collection" may be enforced against the guarantor only after the "guarantee has exhausted all the remedies which the law gives him for the collection of his debt from the principal debtor without avail." *Cottrell v. New London Furn. Co.*, 94 Wis. 176, 178, 68 N.W. 874 (1896).

¶ 14. Here, the Boyers executed a guaranty stating "the undersigned jointly and severally guarantee payment of the Obligations defined below when due . . . ." The guaranty further specified that the liability of the guarantors was not conditioned upon pursuing payment from the debtor or taking any action on collateral. Therefore, the Boyers executed an unconditional guaranty of payment, not a conditional guaranty of collection.

¶ 15. Given the effect of the guaranty of payment, we conclude the Boyers were personally liable for the debts secured by the mortgages. As a result, Bank Mutual could not reap the benefit of a shorter redemption period under Wis. Stat. § 846.103(2) *and* obtain judgment for a deficiency against the Boyers. *See* Wis. Stat. § 846.103(2).

¶ 16. As guarantors of payment, the Boyers were principal obligors on the guaranteed debts and primarily liable for the payment of those debts. *See Kramer*, 74 Wis. 2d at 212; 38 Am. Jur. 2d *Guaranty* § 70. Because they were principal obligors and primarily liable for the debts secured by the mortgages, it follows that the Boyers were "personally liable for the debts secured by the mortgages" under Wis. Stat. § 846.103(2).

¶ 17. Bank Mutual contends the Boyers were personally liable only on the guaranty, not on the debts guaranteed. They also argue, relying on *Kramer*, that because the guaranty is a separate contract from the debts themselves, they could have proceeded under the guaranty in a separate action without foreclosing on the property. It is true that a guaranty is a separate contract from the underlying debt and that, as a guaranty of payment, Bank Mutual could have initiated a separate action on the guaranty without foreclosing on the mortgaged property. *See Kramer*, 74 Wis. 2d at 212. However, Bank Mutual's argument that the Boyers were only liable on the guaranty, not the underlying debt, ignores the effect of the guaranty of payment, which is to make the Boyers primarily liable on the underlying debts as principal obligors. Further, the guaranty of payment was separately actionable *because* of this primary liability. *See id.*

¶ 18. Additionally, the ability to pursue an action on the guaranty outside a foreclosure action is not unique relative to the underlying debts. Just as Bank Mutual could have initiated a contract action on the guaranty, it also could have pursued a contract action on the notes from Boyer Construction, without foreclosing on the mortgaged property and without precluding itself from foreclosing later. *See Bank of Sun Prairie v. Marshall Dev. Co.*, 2001 WI App 64, ¶¶ 12–13, 20, 242 Wis. 2d 355, 626 N.W.2d 319.

¶ 19. Finally, we note that our conclusion is consistent with how guaranties of payment have historically been treated under Wisconsin foreclosure law. In *Halbach v. Trestor*, 102 Wis. 530, 533, 78 N.W. 759 (1899), our supreme court applied a predecessor to WIS. STAT. § 846.04, which provided "[a deficiency may be sought] against every party who may be personally

liable for the debt secured by the mortgage, whether the mortgagor or other persons, if upon the same contract which the mortgage is given to secure . . . ." *See* WIS. STAT. § 3156 (1897–98). While this statute contained language that has since been removed, the reference to parties personally liable for the debt secured by the mortgage is substantially the same as the current statute. *See* WIS. STAT. § 846.04.

¶ 20. In *Halbach*, the Trestors as mortgagees transferred a note and mortgage by assignment and indorsement. *Halbach*, 102 Wis. at 531. The effect of the indorsement was to guarantee payment of the note. *Id.* at 531–32. When the borrower defaulted, the holder of the note sought and obtained a deficiency judgment against the Trestors. *Id.* at 531. Our supreme court upheld the deficiency judgment because the Trestors were personally liable for the debt.[5] *Id.* at 533. Quoting a prior case, the *Halbach* court stated:

> *"The statute does not require that the person held liable in the foreclosure action for a deficiency must be an original contractor of the mortgage debt.* Doubtless, one may become a party to it after the indebtedness has been incurred by the mortgagor, as if he indorse or *guaranty* a note secured by mortgage after the execution of the mortgage. We think, in such case, it cannot be successfully maintained that such indorser or guarantor is not within the statute."

*Id.* (emphasis added; quoting *Palmeter v. Carey*, 63 Wis. 426, 431, 21 N.W. 793 (1884)).

---

[5] We note that in this same era of Wisconsin foreclosure law, our supreme court held a guarantor of collection was not personally liable for a debt secured by the mortgage. *See Cottrell v. New London Furn. Co.*, 94 Wis. 176, 178, 68 N.W. 874 (1896).

¶ 21. Because the Boyers were personally liable for the debts secured by the mortgages, the circuit court applied an erroneous view of the law when denying the Boyers' motions for relief from the judgments. As a result, the court erroneously exercised its discretion. *See Loy*, 107 Wis. 2d at 414–15. On remand, we direct the court to reconsider the Boyers' motions in light of our decision.

*By the Court.*—Order reversed and cause remanded with directions.